# Commonwealth of Pennsylvania *v.* William H. House, Appellant.

*Criminal law—Effect of pardon of convicted principal as to an accessory to the crime.*

The sole intent and purpose of a pardon is to relieve the particular person to whom it is granted; it is not intended to benefit any other person or persons; it is restricted to the person and limited to the offense described.

The fact that a principal convicted of embezzlement has been pardoned does not operate to relieve a person on trial as accessory to the offense for which said principal has been pardoned.

*Evidence—Proof of guilt of a principal.*

On the trial of prisoner indicted for being accessory to an embezzlement it is necessary to prove the guilt of the principal and this may be proved by the record of his conviction or by evidence aliunde.

Argued April 12, 1899. Appeal, No. 95, April T., 1899, by defendant, from sentence of Q. S. Allegheny Co., June Sess., 1896, No. 452, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Indictment for embezzlement of $26,652.74. Before KENNEDY, P. J.

The facts sufficiently appear in the opinion of the court and from the reports of this case on former appeals, 3 Pa. Superior Ct. 304, and 6 Pa. Superior Ct. 92.

[It also appears from the record that the defendant William

H. House pleaded specially a pardon granted to William C. Moreland to which plea the commonwealth demurred. The court sustained the demurrer] [1] and the defendant being still present in open court and having previously pleaded, non cul et de hoc, issue was joined and at the trial [the commonwealth offered in evidence the record in this case showing the plea entered by Moreland and judgment entered on the plea. Counsel for defendant objected to the offer of evidence as incompetent and irrelevant, under the pleadings in the case, which objections were overruled by the court and evidence admitted.] [2]

Verdict of guilty and sentence thereon to pay a fine of $1,000 and undergo imprisonment in the Western Penitentiary for and during the period of one year and ten months. Defendant appealed.

*Errors assigned* were (1) in sustaining the demurrer filed by the commonwealth to the special plea in bar, pleaded by defendant. (2) In admission in evidence of the plea of W. C. Moreland, and judgment thereon. (3) In entering judgment on the verdict.

*D. F. Patterson* and *Chas. A. O'Brien*, with them *Chas. W. Ashley*, for appellant.—The criminal liability of this defendant is secondary in its character, and is predicated and wholly dependent upon the guilt of the principal. The guilt of that principal has been effaced and extinguished by the pardon granted to him, for the crime to which this defendant is now sought to be held as accessory; and therefore there can be no conviction in this case. The highest authorities of the country have decided that a pardon not only relieves from penal consequences, but absolutely extirpates and blots out the offense itself; so that it is as if it had never been committed. This leads to the irresistible conclusion, that as in legal effect and contemplation there is not now, and never has been, any principal offense, it is impossible to hold the defendant under the present charge as an aider, abettor and accessory.

The guilt of the principal must always be shown, in the trial of accessories: 1 McClain's Criminal Law, 215, 216.

In In re Garland, 71 U. S. 333, the Federal Supreme Court

fully discusses the subject of pardons, and their legal consequences; and in this case may be said to have fully established and settled the American doctrine in relation thereto.

Counsel also cited as to the effect of pardon U. S. v. Klein, 13 Wallace, 128; Carlisle v. U. S., 83 U. S. 147; Osborn v. U. S., 91 U. S. 474; Diehl v. Rodgers, 169 Pa. 316.

*John C. Haymaker*, district attorney, with him *John S. Robb, William Yost* and *Chas. A. Fagan*, for appellee.—A pardon of the principal, after he is not only convicted but attainted, will in no way avail the accessory: 1 Bishop's (new) Crim. Law (8th ed.), sec. 668 (4).

The commonwealth contends that no such relation as principal and accessory exists between Moreland and House, but that both are principals in the commission of a misdemeanor, under section 65 of the Act of March 31, 1860, P. L. 382, and that the statute defines two substantial and independent offenses; one the embezzlement of public money by the person intrusted with it, and the other is the "aiding or abetting, or being in any way accessory to said act" of embezzlement: Brown v. State, 18 Ohio, 496; Noland v. State, 19 Ohio, 131; Allen v. State, 10 Ohio, 287.

But the statute under which this indictment was found, as we understand it, makes the crime of advising, aiding or participating in an embezzlement a substantive and independent offense: Brown v. State, 18 Ohio, 496; Hartshorn v. State, 29 Ohio, 635; 1 McClain's Crim. Law, 215; Halloway v. The Queen, 79 E. C. L. 317.

Had Moreland been acquitted of the offense charged in the indictment House could have been subsequently put upon trial; and Moreland's acquittal would not have precluded the commonwealth from proving the guilt of House. In the trial of House the commonwealth would have the right to prove the guilt of Moreland regardless of his acquittal, which might have been due to the inability of the commonwealth at that time to produce the evidence, or to the caprice of the jury: People v. Kief, 126 N. Y. 661; State v. Bogue, 52 Kan. 79; Hanoff v. State, 37 Ohio, 178; Goins v. State, 46 Ohio, 457; State v. Phillips, 24 Mo. 475; State v. Ross, 29 Mo. 32.

If the previous acquittal of Moreland would not have been a

bar to the trial of House surely his pardon could have no greater force.

That the record of the conviction of the principal or actual perpetrator of a crime or misdemeanor, after final judgment has been entered, is evidence to establish that fact in the trial of an accessory, or of any person charged with aiding in the commission of that offense, is fully recognized in Buck v. Com., 107 Pa. 486.

OPINION BY ORLADY, J., May 15, 1899:

The defendant and W. C. Moreland were jointly indicted under the 65th section of the Crimes Act of March 31, 1860, P. L. 382, viz: "If any state, county, township or municipal officer of this commonwealth, charged with the collection, safe-keeping, transfer or disbursement of public money, shall convert to his own use in any way whatsoever, or shall use by way of investment, in any kind of property or merchandise, any portion of the public money intrusted to him for collection, safe-keeping, transfer or disbursement, or shall prove a defaulter, or fail to pay over the same when thereunto legally required by the state, county or township treasurer, or other proper officer or person authorized to demand and receive the same every such act shall be deemed and adjudged to be an embezzlement of so much of said money as shall be thus taken, converted, used or unaccounted for, which is hereby declared a misdemeanor; and every such officer, and every person or persons whomsoever aiding and abetting, or being in any way accessory to said act, and being thereof convicted, shall be sentenced," etc.

The indictment contained a number of counts in which the defendants were charged with embezzlement of moneys of the city of Pittsburg; they being respectively, city attorney and assistant city attorney of said city, to which indictment, W. C. Moreland entered a plea of guilty on July 29, 1896, and was sentenced to pay a fine of $26,652.74 to the commonwealth, and to undergo an imprisonment in the Western Penitentiary for and during the period of three years, etc. On the trial of W. H. House all of the counts, except one designated as the sixth, were abandoned by the commonwealth, and the defendant was convicted and sentenced thereunder, which judgment was reversed by this court: 3 Pa. Superior Ct. 304. The defendant

was again put upon trial, convicted and sentenced, and the judgment reversed on appeal: 6 Pa. Superior Ct. 92. On the next trial, the defendant was convicted under the same count, which, after setting out at length the charge of embezzlement against W. C. Moreland as city attorney, averred that the said William H. House, . . . . on the day and year aforesaid, . . . . and within the jurisdiction of this court, . . . . unlawfully did then and there aid and abet, and then and there was accessory to the unlawful conversion and embezzlement of the said sum of $26,652.74 lawful money of the United States government, of the public money of the city of Pittsburg, . . . . At the trial of the case now before us, the defendant filed a special plea, in which the trial, conviction and sentence of W. C. Moreland were recited at length; that after due public notice and hearing in open session, the recommendation with the reasons of the board of pardons were regularly transmitted to the governor of the commonwealth; and contained a declaration of executive clemency in the prescribed form, which concluded as follows: " Therefore, Know Ye. That in consideration of the premises, and by virtue of the authority vested in me by the constitution, I have pardoned the said William C. Moreland of the crime whereof he was convicted as aforesaid, and he is hereby thereof fully pardoned accordingly." Dated January 29, 1898. On this plea, the defendant prayed for judgment, and that he be dismissed and discharged, etc. The commonwealth filed a demurrer which was sustained by the court, and its action thereon is made the basis of the first assignment of error.

The appellant urges that under the sixth count of the indictment, the criminal liability of this defendant is secondary in its character, and is predicated and wholly dependent upon the guilt of the principal; that the guilt of the principal has been effaced and extinguished by the pardon granted to him for the crime to which this defendant is now sought to be held as an accessory; that the pardon not only relieves the principal from the consequences of the crime, but absolutely extirpates and blots out the offense itself; and that in legal effect so far as W. H. House is concerned as defendant in this case there was not, at the time the plea was filed, any principal offense, or any convicted principal, to which, or to whom he could be legally associated as an aider, abettor or accessory.

Whatever of doubt there was in this state as to the efficacy of a full pardon after sentence, to a convicted person, it was entirely relieved by the Supreme Court in Diehl v. Rodgers, 169 Pa. 316, in which case, an objection was made to the competency of a witness who had been convicted of perjury and sentenced under a statute which imposed as a punishment a fine and imprisonment, and provided specially that the defendant "shall be forever disqualified from being a witness in any matter in controversy." In relief of the statutory bar to the competency of the witness, a full pardon was offered, the objection was overruled, and his evidence was received. The whole subject is so decisively considered by Mr. Justice MITCHELL that it is not necessary to repeat the argument, and the conclusion is that "all penal consequences of crime whether by common law or by statute are equally results of the transgressions of the law. . . . The constitution of Pennsylvania gives the governor the same unlimited power to pardon, with the single exception of cases of impeachment, though the exercise of the power is controlled by the condition precedent of a recommendation of certain officers conveniently known as a board of pardons. The constitution deals with the pardoning power not as a prerogative claimed by divine right, but as an adjunct to the administration of justice, recognized in all civilized governments as necessary by reason of the fallibility of human laws and human tribunals. The power so recognized is granted without distinction in regard to offenses or their consequences and with no exception or limitation but the one noted, of impeachment, . . . . The power cannot now be farther restricted, or its operation limited by legislation." The witness was held to be competent, and the effect of a pardon as stated in Ex parte Garland, 71 U. S. 333, 380, viz: "A pardon reaches both the punishment prescribed for the offense and the guilt of the offender, and when the pardon is full, it releases the punishment and blots out the existence of the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. It removes the penalties and disabilities, and restores him to all his civil rights," was adopted by our Supreme Court.

Whether House could be convicted or not of a substantive offense is not material. In the count which was submitted to the jury, the commonwealth pressed for his conviction, in that

he, "unlawfully did then and there aid and abet, and was then and there accessory to the unlawful conversion" of the moneys which Moreland had embezzled.  Though the two were jointly indicted, the conviction of House did not necessarily depend upon a former conviction of Moreland, yet, as House was tried as an accessory, it was necessary to prove the guilt of the principal, Moreland.  The authorities show that the guilt of the principal may be proved by the record of his conviction, or by evidence aliunde : 2 Starkie on Evidence, 9 ; People v. Kief, 126 N. Y. 661 ; State v. Bogue, 52 Kan. 79 ; Hanoff v. State, 37 Ohio, 178.  When judgment was entered on the plea of guilty filed by Moreland, the record was competent evidence of his guilt as a principal : Buck v. Commonwealth, 107 Pa. 486.

The authorities are clear to the effect that a full and unconditional pardon removes all disabilities resulting from conviction, its effect being "to make the offender a new man ; to acquit him of all corporal penalties and forfeitures annexed to the offense for which he obtains his pardon, and not so much to restore his former, as to give him a new credit and capacity : " 4 Bl. Com. 402 ; State v. Foley, 15 Nev. 64 ; s. c. 37 Am. Rep. 458, and notes ; State v. McIntire, 1 Jones Law, 1 ; Armstrong Foundry v. United States, 73 U. S. 766, and notes ; Boyd v. United States, 142 U. S. 450.

It has been held that a pardon will not operate as a discharge from any other crime : State v. Foley, supra ; Com. v. Roby, 12 Pick. 496.  Nor will it defeat a suit by an individual for damages founded on the same foundation : Hedges v. Price, 2 W. Va. 192.  Nor restore offices forfeited, nor property nor interests vested in others in consequence of conviction and judgment : Ex parte Garland, 71 U. S. 333, 366 ; County v. Reifsnyder, 46 Pa. 446.  Nor relieve sureties on a forfeited recognizance : State v. Davidson, 20 Mo. 212 ; s. c. 61 Am. Dec. 603 ; Weatherwax v. State, 17 Kan. 427 ; United States v. Lancaster, 4 Wash. C. C. Rep. 64.  It is a personal right which may be waived and, if not pleaded, will not be of any avail : Com. v. Roby, 12 Pick. 496 ; Com. v. Lockwood, 109 Mass. 323.  A pardon is a deed to the validity of which delivery is essential, and delivery is not complete without acceptance.  It may be rejected by the person to whom it is tendered : U. S. v. Mills, 32 U. S. 138 ; U. S. v. Wilson, 32 U. S. 150.

The conviction of Moreland was a record fact, and executive clemency was extended to him for reasons which were presumably personal to him and upon the record as it then stood. The words of the grant being, "I have pardoned William C. Moreland of the crime whereof he was convicted as aforesaid and he is hereby fully pardoned accordingly."

The argument of appellant would lead to the conclusion that a pardon granted to one person should extend to and be enjoyed by others, in regard to whom there might not be any mitigating facts, and who would receive a benefit through a grace they had never sought, and of which they might not have any knowledge.

The special nature of the crime, the previous character, age, or health of the offender, the restitution of property, the discovery of evidence not available at the time of the trial, or other impelling reasons might justly move the executive, through the exercise of his discretionary power, to favor a particular petitioner, while others who participated in the same crime might not be able to furnish the slightest argument to justify a similar leniency.

A pardon is an act of grace proceeding from the power intrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for the crime he has committed: U. S. v. Wilson, 32 U. S. 150. It follows that its sole purpose is to relieve and reinstate the particular person to whom it is granted, and is not intended to benefit any other person or persons. The grant is restricted to the person, and is limited to the offense described in the pardon, and is efficacious only in that special application. To extend it further, it would be necessary to read into it the names of persons who are presumed to have been designedly omitted by the executive.

The assignments of error are overruled, the judgment of the court below is affirmed and it is now ordered that William H. House, the appellant, be remanded to the custody of the keeper of the Western Penitentiary of Pennsylvania, situate in the city and county of Allegheny, there to be confined according to law for the residue of the term for which he was sentenced, and which had not expired at the date of his admission to bail pending this appeal, and that the record be remitted, that the sentence and this order be carried into effect.