Commonwealth ex rel. *v.* Smith.

Argued May 19, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

74

 

*Charles J. Dewey,* for petitioner.

*Raymond B. Reid,* District Attorney, for Commonwealth, submitted a brief.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

This is an application for a writ of habeas corpus. The petitioner Roger Bison Smith is now confined in the Penitentiary for the Eastern District of Pennsylvania under a sentence of imprisonment for a term of from twenty to forty years, imposed upon him on September 2, 1926, by the Court of Oyer and Terminer of Chester County, upon his plea of guilty to a charge of murder in the second degree. The penalty prescribed for the first offense of second degree murder is "imprisonment by separate or solitary confinement not exceeding twenty years" according to Section 76 of the Act of March 31, 1860, P. L. 382, as amended by the Act of April 14, 1893, P. L. 17. The petitioner avers that the sentence under which he is being confined, being double that prescribed for the first offense of second degree murder, is illegal and should be reformed. He contends that the sentence should not have been for a term greater than "from ten to twenty years"; further that his detention in the penitentiary is without warrant in law, so that he should be released forthwith from custody.

It is well established that sentence to imprisonment for a greater period than warranted by law is an illegal sentence, to correct which the prisoner is entitled to a writ of habeas corpus: *Com. v. Ketner,* 92 Pa. 372; *Com. v. Morgan,* 278 Pa. 395; *Com. v. Curry,* 285 Pa. 289; *Halderman's Case,* 53 Pa. Superior Ct. 554; *Com. v. McKenty,* 80 Pa. Superior Ct. 249. In such case, however, the petitioner will not be discharged, but remanded to the court below for proper sentence: *Halderman's Petition,* 276 Pa. 1; *Com. v. Curry,* supra.

 ■

The sentence of which petitioner complains was imposed under the second offender provisions of Section 182 of the said Act of 1860.[1] On August 29, 1917, the petitioner pleaded guilty to a charge of voluntary manslaughter, and was sentenced to imprisonment for a term of from seven to twelve years. On May 8, 1923, by an exercise of executive clemency he received a full pardon for this crime from the Governor of the Commonwealth, upon recommendation of the Board of Pardons. Thereupon he was released from confinement. When in 1926 he was again convicted of a similar offense, the court deemed the second offender provisions of Section 182 of the Act mentioned to be applicable, and sentenced petitioner for double the period of time prescribed by law for the offense of second degree murder. It is urged by petitioner that the imposition of this sentence denied to him the full effect of the pardon granted for his previous offense, and therefore was a limitation upon the executive prerogative of pardon, which the court was without power or authority to impose.

The argument for petitioner proceeds upon the assumption that a sentence under the second offender provision of the Crimes Act is an imposition of additional punishment for the *first* offense. This is not a proper construction to place upon that provision of the Act. The section in question directs only the punishment which shall be imposed for the *second* crime. This provision is aimed at habitual criminals. It provides pun-

---

[1] Section 182 of the Act of March 31, 1860, P. L. 382, referred to as the "second offender" provision of said Act, provides as follows: "If any person who has been convicted of any offense, other than murder of the second degree, for which the punishment prescribed by this code is imprisonment by separate or solitary confinement at labor, shall, after such conviction, be guilty of a similar offense or of any offense for which such punishment is directed, he shall in either case, upon conviction, be sentenced to undergo an imprisonment, and be kept at labor not exceeding double the whole period of time, which may, by the penal laws of this Commonwealth, be prescribed for the crime of which he is convicted."

ishment for the new crime only, but it is more severe if the defendant is a second offender. Whether the heavier punishment is to be imposed depends, by the words of the Act, upon the fact of a prior conviction. Certainly it was within the legislative discretion to provide heavier punishment for habitual criminals than for first offenders. Since there is no additional punishment attached to the offense for which pardon was granted, the executive prerogative is not infringed. The efficacy of the pardon is in no way affected. The *fact* of conviction, however, is a solemn record of the court which cannot be erased or blotted out. The test as to whether the second offender provisions of the Act of 1860 are applicable is the existence of the fact of prior conviction. In this view of the law, and we think no other can be sustained, it is clear that the sentence which petitioner is now serving was properly imposed, and that the writ of habeas corpus must be denied.

While apparently this question is before this Court for the first time we are not without guidance from the decisions of other jurisdictions. The precise point has been raised in a number of states under statutory provisions substantially similar to our own. While the authorities are not in agreement we think the weight of the better reasoned decisions is in line with the view which we have adopted.[2]

The opinion in the case of *People v. Carlesi*, 154 App. Div. 481,[3] is particularly full and enlightening. The court of first instance said: "The pardon of this defend-

---

[2] *Henderson v. State*, 55 Fla. 36; *Mount v. Com.*, 2 Duv. (Ky.) 93; *Herndon v. Com.*, 105 Ky. 197; *People v. McIntyre*, 99 Misc. 17; *State v. Edelstein*, 146 Wash. 221; *McDonald v. Mass*, 180 U. S. 311. A contrary rule has been adopted in the following states: *State v. Lee*, 171 La. 744; *State v. Martin*, 59 Oh. St. 212; *Tucker v. State*, 14 Ok. Crim. Rep. 54; *Scrivnor v. State*, 113 Tex. Crim. Rep. 194; *Edwards v. Com.*, 78 Va. 39.

[3] Affirmed 208 N. Y. 547, affirmed upon appeal to the Supreme Court of the United States in 233 U. S. 51.

ant did not make 'a new man' of him; it did not 'blot out' the fact or the record of his conviction, and, of course, the Supreme Court, in deciding that the Congress could not impinge upon the pardoning power of the Executive, did not intend to hold that the Executive could blot out a solemn record of the judicial branch of government. (See *Roberts v. State of New York,* 30 App. Div. 106, 160 N. Y. 217). The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that. But it did not obliterate the record of his conviction, or blot out the fact that he had been convicted. *(Matter of an Attorney,* 86 N. Y. 563.) It relieved the defendant of the consequences which the law attached to his offense. But the defendant is to be punished now solely in consequence of his second offense. The fact of the former conviction is an element merely in determining the criminality of the second offense. *(People v. Sickles,* 26 App. Div. 470, 156 N. Y. 541; *People ex rel. Cosgriff v. Craig,* 195 N. Y. 190.) The legislature of this state has said that one who commits a crime, after having been convicted of another crime, is a greater offender than as though he had not previously been convicted, and the punishment inflicted is solely for the second offense, to which a greater degree of criminality is thus attached. That degree of criminality is not at all lessened by the fact of a pardon which assumes his guilt, remits the punishment and affords him an opportunity to become a law-abiding citizen. It was solely within the province of the legislature to attach such greater criminality to the second offense from the mere fact of a conviction for a first and the Executive, by the exercise of the pardoning power could no more interfere with that exercise of legislative power than the legislature could interfere with the power to pardon." This case was carried to the Supreme Court of the United States which affirmed the decision below. In delivering the

opinion of the Court Chief Justice WHITE said: "We must not be understood as intimating that it would be beyond the legislative competency to provide that the fact of the commission of an offense after a pardon of a prior offense, should be considered as adding an increased element of aggravation to that which would otherwise result alone from the commission of the prior offense."

*Com. v. Morrow,* 9 Phila. 583, has been cited to us as an authority in this state for a contrary position to that which we have taken. An examination of the case discloses that although the learned judge who decided it, (PAXSON, J.), used language which might indicate that he had some doubt upon the question under consideration, he refrained from deciding the point.

The rule to show cause granted upon the petition for habeas corpus is dismissed.