THE BOARD OF EDUCATION OF THE TOWNSHIP OF LUM-BERTON IN THE COUNTY OF BURLINGTON, PROSECU-TOR, v. THE NEW JERSEY STATE BOARD OF EDUCA-TION, LOUIS J. KASER, COUNTY SUPERINTENDENT OF SCHOOLS FOR THE COUNTY OF BURLINGTON, AND THE BOARD OF EDUCATION OF THE RANCOCAS VAL-LEY REGIONAL HIGH SCHOOL DISTRICT, RESPOND-ENTS.

Argued October 2, 1940—Decided December 31, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the prosecutor, *Davis & Davis.*

For the respondent the Board of Education of the Ran-
cocas Valley Regional High School District, *Stanley K.
Heilbron.*

The opinion of the court was delivered by

PERSKIE, J. The basic question requiring decision in this
cause is whether the superintendent of schools of Burlington
county properly apportioned the conceded sum of $2,700 of
the state school moneys, for the school year 1935-1936, to
the Rancocas Valley Regional High School District, or
whether he should have apportioned the $2,700 to the Board
of Education of the township of Lumberton.

Prosecutor, having no high school facilities of its own, sent
its high school pupils, for many years, to the Mount Holly
Township High School. During the school year 1934-1935
(July 1st, 1934, to June 30th, 1935), prosecutor sent forty-
five of its high school pupils to the Mount Holly Township
High School and paid for them at the rate of $60 a pupil, or a
total of $2,700.

The legal voters of the school district of Lumberton, East-
hampton, Hainesport, Mount Holly and Westhampton had
voted on January 7th, 1935, to provide joint high school
facilities for the pupils embraced within the boundaries of
the several school districts (*R. S.* 18:8-1, *et seq.*). In accord-
ance with that vote and the applicable procedure, the Regional
Board of Education, now known as the Rancocas Valley
Regional High School District, was organized on January
21st, 1935.

Notwithstanding the creation of the new organization, and the written instructions of the county superintendent of schools to the contrary, prosecutor included the item of $2,700, which it had paid to the Mount Holly Board of Education for the school year of 1934-1935, in its budget for the school year of 1935-1936, as anticipated revenue, and, as so made up, adopted that budget on February 13th, 1935.

As of April 1st, 1935 (actually not until the latter part of November, 1935), the Burlington county superintendent of schools apportioned the $2,700 for the school year 1935-1936 not to prosecutor but to the newly organized body, Rancocas Valley Regional High School District.

Aggrieved at the action of the county superintendent, prosecutor appealed therefrom to the State Commissioner of Education. The latter held that the county superintendent had properly apportioned the $2,700 to the Rancocas Valley Regional High School District. Prosecutor then appealed from that holding to the State Board of Education which affirmed the State Commissioner of Education. The affirmance by the State Commissioner of Education and that of the State Board of Education was largely rested upon the premise that the apportionment, as made, was made in pursuance of *R. S.* 18:8-13, which in the opinion of each, was, under the circumstances exhibited, held to be dispositive of the case at bar.

Prosecutor challenges the propriety of the disposition thus made of its asserted right to the $2,700.

1. In support of its challenge prosecutor argues that however the apportionment be characterized, be it one by way of anticipation, or one by way of reimbursement, it is none the less entitled to be paid the sum of $2,700 because it had in fact paid it to Mount Holly Township High School. In other words, payment is the gravamen of its claim. Reliance is placed upon *R. S.* 18:10-41(m) which provides for the apportionment of "the sum of $60 for each pupil who shall have attended a high school or high school department in a district other than that in which he resides, and for whom a tuition shall be paid by the Board of Education." The statute fails to support the reliance placed on it, or the construction given

to it. For it is altogether clear that the object of the statute is not to reimburse the sending school district for the amount which it paid out to the receiving school district during the preceding year; rather is its object to provide funds for the ensuing year. To attain that object the statistics of the past year are employed for the purpose of calculating the amount that would probably be needed the ensuing year. "The general school law is prospective in all its features and not retroactive." *Board of Education of Elizabeth* v. *Sheridan,* 42 *N. J. L.* 64, 68.

2. Prosecutor further argues that it is entitled to the $2,700 by virtue of chapter 153, *Pamph. L.* 1934, *p.* 392, which provides that "The apportionment of the state school moneys * * * shall for the school year 1934-1935 and thereafter be apportioned to the district making payment for such tuition." It is stoutly argued that the act of 1934, *supra,* repealed what is now *R. S.* 18:8-13, on which both the commissioner and the State Board of Education sustained the county superintendent.

There are at least two dispositive answers to this unsound argument.

First, the history of the act of 1934, *supra,* clearly indicates that its object was merely to provide that as between the school district sending pupils and the school district receiving them, the state school moneys, if apportioned to either, should be apportioned to the sending district. Concededly, prior to 1933, apportionment was made to the sending district. By chapter 176, *Pamph. L.* 1933, *p.* 384 (repealed by chapter 168, *Pamph. L.* 1934, *p.* 411), it was changed so that apportionment was made to the receiving district. Thus it becomes obvious that the end result of the act of 1934, *supra,* was the restoration of the conceded method of apportionment employed prior to 1933. This restored method is, however, without application to the case at bar. Here there was no sending by one school district to another. Here prosecutor sent its pupils for the school year 1935-1936 to the newly organized body of which it was an integral part.

Secondly, the act of 1934, *supra,* was omitted from the Revised Statutes of 1937. It is, therefore, no longer a part

of the public statute law of the state. *Brower* v. *Township of Franklin (Supreme Court)*, 119 *N. J. L.* 417; 187 *Atl. Rep.* 387; *Cf. Duke Power Co.* v. *Somerset County Board of Taxation (Court of Errors and Appeals)*, 125 *N. J. L.* 431; 15 *Atl. Rep.* (*2d*) 460. But *R. S.* 18:8-13 is part of the Revised Statutes and, therefore, is part of the public statute law of the state. *Duke Power Co.* v. *Somerset County Board of Taxation, supra.*

3. Prosecutor further argues that it is entitled to the $2,700 "on an equitable basis." *R. S.* 18:10-26.1. This argument also lacks merit. In light of all that has already been written, it will suffice to observe that the statute referred to expressly provides for a reapportionment by the county superintendent with the approval of the commissioner, "on an equitable basis" when, and only when, the new school district is created after the apportionment of the state school moneys shall have been made. Here, as we have seen, the new school district was created before (not after) the apportionment of the moneys had been made.

4. We have carefully considered all other arguments made by prosecutor and find them to be without merit. We, too, are entirely satisfied that the instant case is altogether controlled by *R. S.* 18:8-13, which provides "When a school district which has adopted the provisions of Article XI of the act entitled 'An act to establish a thorough and efficient system of free public schools, and to provide for the maintenance, support and management thereof,' approved October nineteen, one thousand nine hundred and three (1903) (2d Sp. Sess., p. 51), or which has adopted or may adopt the provisions of this chapter, for the purpose of establishing a high school, has prior to the formation of such school been receiving from the county superintendent of schools an apportionment of sixty dollars for each high school pupil attending school in another district, the county superintendent shall make such apportionment for the high school pupils of that district to the board of education of the union-graded school or the regional board of education."

This statute specifically, minutely and definitely relates to the subject-matter in issue. Thus even if it could be said

(we are not to be understood as so saying) that this statute in anywise conflicts with the general statutes referred to by prosecutor, it would, nevertheless, be controlling. For "The rule is that where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an exception to the general statute." *Ackley* v. *Norcross*, 122 *N. J. L.* 569, 572; 6 *Atl. Rep.* (*2d*) 721; *affirmed*, 124 *N. J. L.* 133; 11 *Atl. Rep.* (*2d*) 106.

The apportionment of the moneys was properly made to the newly organized Rancocas Valley Regional High School District for the year 1935-1936. The Board of Education of the township of Lumberton was not entitled thereto.

The writ is dismissed, with costs.