Harold R. Cohen, Plaintiff, *v.* James Barger, Commissioner, Leonard T. Koper, Director, Records and Identification Headquarters, and Pennsylvania State Police, Defendants.

Argued December 3, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Louis M. Natali, Jr.*, with him *Joanna K. Weinberg* and *Segal, Appel & Natali*, for plaintiff.

*Benjamin Lerner*, Deputy Attorney General, with him *J. Andrew Smyser*, Deputy Attorney General, and *Israel Packel*, Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, January 25, 1974:

According to the plaintiff's complaint, "[T]his action is instituted for equitable relief to ask this Court to order the expungement [sic] of any and all arrests record, photographs and fingerprints from the files of the Pennsylvania State Police." The sole issue involved is whether the plaintiff, by virtue of the pardon granted to him, is entitled to have his criminal record expunged.

Plaintiff was arrested in May, 1964 and charged with assault and battery and indecent assault. He was subsequently photographed and fingerprinted by the Philadelphia Police Department. Plaintiff pleaded guilty in November, 1964 and was placed on three-years' probation. In 1967, he was discharged from probation and in April, 1972, was granted a full pardon by the Governor. Plaintiff, in his complaint against the State

Police and two of its officials, alleges that he has "encountered great difficulties in obtaining employment because of the arrest record on file with the State Police" and that "the presence of the aforesaid records in the files . . . is unjustified, and may be harmful to [his] reputation and calling." Plaintiff successfully petitioned the Court of Common Pleas of Philadelphia County to expunge his criminal record. The Philadelphia Police Department complied with the Court Order, but the State Police have refused to comply and have filed preliminary objections to plaintiff's complaint in equity in this Court, claiming that the pardon granted to plaintiff was not a pardon for innocence and that the State Police are bound by statute to retain criminal records of persons convicted of crime.

Although there is considerable language in many cases for the broad propositions that "a pardon does away with the future consequences of the criminal act, as completely as if it had never been committed," *Diehl v. Rodgers,* 169 Pa. 316, 319, 32 A. 424 (1895), and "[a pardon] obliterates every stain which the law attached to the offender, placing him where he stood before he committed the pardoned offenses," *Commonwealth v. Quaranta,* 295 Pa. 264, 273, 145 A. 89, 93 (1928),[1] there are limitations on the effect of a pardon.

In *Commonwealth ex rel. v. Smith,* 324 Pa. 73, 187 A. 387 (1936), the defendant's prior conviction for voluntary manslaughter, from which defendant had been pardoned, was held to be admissible for the purpose of determining the sentence upon a subsequent conviction for second degree murder. Defendant claimed that this was a denial to him of the full effect of the pardon granted for his previous offense. Justice BARNES, for

---

[1] *See also: Ex parte Garland,* 4 Wall 333, 71 U.S. 333, 380, 18 L. Ed. 366 (1867); *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 584, 585, 28 A. 2d 897, 899 (1942); *Commonwealth v. House,* 10 Pa. Superior Ct. 259, 264, 265 (1899).

a unanimous court, noted that: "[T]he *fact* of conviction, however, is a solemn record of the court which cannot be erased or blotted out." (Emphasis in original.) 324 Pa. 73, 76, 187 A. 387, 388 (1936). The court extensively quoted from a New York case[2] affirmed by the United States Supreme Court: "The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that. *But it did not obliterate the record of his conviction, or blot out the fact that he had been convicted.*" (Emphasis added.) 324 Pa. 73, 77, 187 A. 387, 389 (1936).

Justice, later Chief Justice, BELL, in *Commonwealth v. Cannon,* 386 Pa. 62, 66, 123 A. 2d 675, 678 (1956), *cert. denied,* 352 U.S. 898, 77 S. Ct. 139, 1 L. Ed. 2d 90 (1956), quoted at length from *Smith, supra,* but noted that perhaps a different result would obtain if the pardon were granted for innocence.[3]   That, of course, is not the situation here.   Plaintiff's pardon makes no mention of "innocence."

Accordingly, we enter the following

### ORDER

Now, January 25, 1974, the defendants' preliminary objection in the nature of a demurrer is sustained and the complaint of the plaintiff is dismissed.

---

[2] *People v. Carlesi,* 154 App. Div. 481, 139 N.Y.S. 309, affirmed, 208 N.Y. 547, 101 N.E. 1114, affirmed, 233 U.S. 51, 34 S. Ct. 576, 58 L. Ed. 843 (1914).

[3] *See* "The Effect of a Pardon" by Professor Henry Weihofen, 88 University of Pennsylvania Law Review 177 (1939).