385 A.2d 443

**COMMONWEALTH of Pennsylvania**

v.

**Daniel J. HOMISON, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1975.

Decided April 13, 1978.

6. The parties have not addressed the other two causes of action pleaded by appellant. See footnote 2 above.

Richard F. Welch, Pittsburgh, for appellant.

Robert F. Hawk, Butler, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On February 17, 1971, petition was filed in Butler County Juvenile Court alleging that the then-17 year old Daniel J. Homison sold hashish to another boy. The case was certified to the criminal division of Common Pleas Court on March 31, 1971, and on July 19, 1971, Homison entered a plea of guilty. Homison was sentenced on September 28, 1971, to pay a fine of $500.00 and undergo imprisonment for two to five years, with the imprisonment suspended upon payment of the fine and costs. No direct appeal was taken.

On November 5, 1974, Homison was granted a pardon by the Governor, Milton J. Shapp, and on November 29, 1974 filed a petition to expunge the record. The lower court, relying on *Cohen v. Barger,* 11 Pa.Cmwlth. 617, 314 A.2d 353 (1974),[1] dismissed the petition, finding that Homison did not prove, or even allege, that the pardon had been granted because of innocence. Appeal was taken to our Court from the Order of November 29, 1974, dismissing the petition. The sole issue before our Court is whether the grant of a full pardon (for reasons other than innocence) by the Governor of our State entitles one who has been convicted of a crime to expunction of his criminal record.

Our research has disclosed no Supreme or Superior Court decisions exactly on point. In *Commonwealth ex rel. v. Smith,* 324 Pa. 73, 187 A. 387 (1936), however, our Supreme Court held that an offense for which a pardon had been

1. In *Cohen,* a plaintiff who had been granted a full pardon by the Governor of Pennsylvania filed a complaint in equity to have his criminal record expunged. Since there had been no allegation that the pardon had been granted because of innocence, the Commonwealth Court sustained preliminary objections and dismissed the plaintiff's complaint.

granted could be considered by a court in sentencing under a second offender statute, and in *Commonwealth v. Cannon,* 386 Pa. 62, 123 A.2d 675 (1956), *cert. denied,* 352 U.S. 898, 77 S.Ct. 139, 1 L.Ed.2d 90 (1956), the Supreme Court found admissible at trial, in connection with the imposition of sentence, evidence of a prior crime of which the defendant had been convicted and pardoned. Notwithstanding dictum in *Commonwealth v. Zimmerman,* 215 Pa.Super. 534, 258 A.2d 695 (1969), we believe that *Smith* and *Cannon* require us to find that the lower court in the case before us did not err in refusing to expunge appellant's criminal record. We therefore affirm the Order of November 29, 1974, dismissing appellant's petition.

HOFFMAN, J., files a dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN, Judge, dissenting:

Appellant contends that the lower court erred in dismissing his petition to expunge his police record and criminal conviction. I agree and, would therefore, reverse and remand for further proceedings.

On February 17, 1971, Commonwealth officials filed a petition in juvenile court; it alleged that the 17 year old appellant sold hashish. After certification to the Court of Common Pleas of Butler County, appellant pleaded guilty to the sale of hashish.[1] The court sentenced appellant to a two to five year term of imprisonment; it suspended the imprisonment pending the payment of the costs and a $500. fine. No appeal followed the judgment of sentence. On November 5, 1974, the Governor of Pennsylvania granted appellant a full pardon for the instant offense. On November 29, 1974, appellant filed a petition to expunge the police record and the record of his criminal conviction. The lower court dismissed the petition without a hearing; it held that "Peti-

1. The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 1; 35 P.S. § 780–20(c) (1964) (now repealed).

tioner has the burden of proving to this Court that the pardon was given for 'innocence' before the Court could even consider expunging the record." Because appellant failed to allege such evidence, the lower court denied and dismissed the petition. This appeal followed.

Appellant contends that the Governor granted him a full pardon to clear his name, to erase his criminal record, and to enhance his employment opportunities. Appellant also alleges that the Board of Pardons filed a statement of reasons in support of granting the pardon which is available in the office of the Lieutenant Governor.[2] Appellant asserts that in order to give full effect to his pardon, the court must order the expunction of his criminal record.

Our Court recently held that Pennsylvania Courts of Common Pleas have the authority to order expunction of a criminal arrest record. We also stated that an accused has the right to seek expunction of his arrest record: "We believe that such a right is an adjunct to due process. The harm ancillary to an arrest record is obvious: 'Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. . . . Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent . . .'. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to an expungement . . . .." *Commonwealth v. Malone,* 244 Pa.Super. 62, 68, 366 A.2d 584, 587–588 (1976). (Footnote omitted). See also *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969); *Wert v. Jennings,* 249 Pa.Super. 467, 378 A.2d 390 (1977); *Commonwealth v. Fredericks,* 235 Pa.Super. 78, 340 A.2d 498 (1975). In *Commonwealth v. Zimmerman,* 215 Pa.Super. 534, 258 A.2d 695 (1969), appellee petitioned the court to expunge a valid criminal conviction. The lower

2. The Pennsylvania Constitution, Article IV, Section 9, requires that a copy of the reasons for the recommendation by the Board of Pardons must be kept on file in the office of the Lieutenant Governor in a docket kept for that purpose.

court granted the petition; our Court reversed and held that the lower court had no authority to order the destruction of appellee's criminal record. In dictum, however, we implied that a convicted person who is pardoned has a right to seek expunction. "This is not a case involving a defendant acquitted of a crime whose conduct since that acquittal furnishes no basis for keeping the arrest record alive. Unlike the circumstances in *Commonwealth ex rel. Magaziner v. Magaziner,* 434 Pa. 1, 253 A.2d 263 (1969), the petitioner in this case has been convicted of the crime and the only way that the record of conviction can be erased is by a Governor's exercise of his power to grant clemency under Article IV, Section 9 of the Pennsylvania Constitution." *Zimmerman,* supra, 215 Pa.Super. at 536, 258 A.2d at 696.

I believe that *Malone* and *Zimmerman* provide implicit authority to the Courts of Common Pleas to grant petitions for expunction to pardoned convicts. Nonetheless, I must examine the nature and effect of a pardon in Pennsylvania to determine whether case law limitations preclude this remedy.

The Pennsylvania Constitution, Article IV, Section 9(a), provides: "In all criminal cases except impeachment, the Governor shall have power to remit fines and forfeitures, to grant reprieves, commutation of sentences and pardons; but no pardon shall be granted, nor sentence commuted, except on the recommendation in writing of a majority of the Board of Pardons, after full hearing in open session, upon due public notice. The recommendation, with the reasons therefor at length, shall be delivered to the Governor and a copy thereof shall be kept on file in the office of the Lieutenant Governor in a docket kept for that purpose." The power of a Governor to grant pardons and commutations of sentence is exclusive. *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A.2d 897 (1942). In *Banks,* appellee contended that the Act of August 6, 1941, which provided for the establishment of a uniform system for the administration of parole, was unconstitutional because it infringed upon the exclusive power of the Governor to grant commu-

tation of sentence and pardons. In discussing the nature of a pardon, the Court stated: "There is a radical difference between a pardon and a parole. A pardon is the exercise of the sovereign's prerogative of mercy. It completely frees the offender from the control of the state. It not only exempts him from further punishment but relieves him from all the legal disabilities resulting from his conviction. It blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had never committed the offense: *Diehl v. Rodgers,* 169 Pa. 316, 319, 32 A. 424, 425; *Commonwealth v. Quaranta,* 295 Pa. 264, 273, 145 A. 89, 93; *Commonwealth v. House,* 10 Pa.Super. 259, 264, 265. A parole, on the other hand does not obliterate the crime or forgive the offender." *Banks,* supra, 345 Pa. at 584–585, 28 A.2d at 899. See also *Knote v. U. S.,* 95 U.S. 149, 24 L.Ed. 442 (1890); *Ex Parte Garland,* 71 U.S. 333 (1867); *Diehl v. Rodgers,* 169 Pa. 316, 32 A. 424 (1895).

However, another line of cases has substantially limited the effect of pardons. In *Commonwealth v. Quaranta,* 295 Pa. 264, 145 A. 89 (1928), the defendant took the stand and admitted a prior conviction. On cross-examination, the District Attorney questioned the defendant about another crime of which he was convicted but pardoned. After discussing the general attributes of a pardon, the Court held: "Pardoned offenders are 'thereby rendered competent witnesses . . . ., their credit is to be still left to the jury.' (*[Diehl v. Rogers],* p. 319 of 169 Pa., 32 A. 425) He 'was a competent witness (but) his credibility was for the jury' 'if either party had asked that it be submitted'. We hold, in accordance with the preponderant view, that, whenever one who has been pardoned of a crime such as would ordinarily affect credibility, *testifies as a defendant in a criminal case,* the judgment of conviction may be inquired into, and the issuance of the pardon may also be shown." *Quaranta,* supra, 295 Pa. at 274, 145 A. at 93. (emphasis in original). Subsequently, in *Commonwealth v. Smith,* 324 Pa. 73, 187 A. 387 (1936), the trial court sentenced appellant under a second offenders statute although the Governor had pardoned ap-

pellant for his first offense. Appellant contended that application of the second offenders' statute denied him the full effect of his pardon and constituted an additional punishment for the first offense. The Supreme Court upheld the judgment of sentence and stated: "Whether the heavier punishment is to be imposed depends, by the words of the Act, upon the fact of a prior conviction. Certainly it was within the legislative discretion to provide heavier punishment for habitual criminal than for first offenders. Since there is no additional punishment attached to the offense for which pardon was granted, the executive prerogative is not infringed. The efficacy of the pardon is in no way affected. The *fact* of conviction, however, is a solemn record of the court which cannot be erased or blotted out." *Smith,* supra, 324 Pa. at 76, 187 A. at 388. (emphasis in original). The Court went on to quote with approval *People v. Carlesi,* 154 App.Div. 481, 139 N.Y.S. 309, aff'd 208 N.Y. 547, 101 N.E. 1114, aff'd 233 U.S. 51, 34 S.Ct. 576, " 'The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that.' " The Court further stated that a pardon assumes the guilt of the individual, remits the punishment and affords him the opportunity to become a law-abiding citizen.

Both *Quaranta* and *Smith* occurred prior to the *Cain* decision. Subsequently, the Supreme Court noted that the sweeping generality of *Cain* had been substantially narrowed and the effect of a pardon limited.[3] *Commonwealth*

3. *Bjerkan v. U. S.,* 529 F.2d 125, 130, footnote 2 (7th Cir. 1975), held that a Presidential pardon eliminated all collateral consequences of petitioner's federal conviction. The pardon restored not only all of petitioner's federal civil rights but also all of petitioner's state civil rights. Therefore, the court found the appeal moot. In note two, however, the court stated that a pardon does not blot out guilt nor does it restore an offender to a state of innocence in the eye of the law. After indicating that the sweeping language of prior cases on the effect of pardons has been discredited, the court stated that in subsequent proceedings the fact of conviction cannot be taken into account after a pardon but the fact of commission of the offense may be considered.

*v. Cannon,* 386 Pa. 62, 67, 123 A.2d 675, (1956). *Cannon* reiterated the language of *Smith* and held that in connection with the imposition of sentence, the Commonwealth may offer evidence of a prior crime for which appellant was convicted but pardoned. Thus, Pennsylvania case law seems to establish that the effect of a pardon is to restore a person to his civil rights and to remit the punishment but it does not eliminate either the fact of conviction or the guilt. However, the courts have determined the effect of a pardon primarily in the context of subsequent criminal proceedings against the pardoned individual. Moreover, none of the defendants in *Quaranta, Smith* or *Cannon* presented any evidence concerning the reasons for his pardon or its intended effect. Therefore, this line of case law is not dispositive of a petition for expunction.

Upon the recommendation of the Board of Pardons, accompanied by a statement of reasons, the Governor may grant a pardon to a person convicted of a crime. An executive pardon embodies a merciful and forgiving attitude towards certain offenders against society. A pardon also "encouraging guilty persons to become upstanding citizens of the community and to prove by exemplary conduct that they were worthy of public confidence." *People ex rel. Symonds v. Gualano,* 124 Ill.App.2d 208, 220, 260 N.E.2d 284, 290 (1970); *People v. Glisson,* 44 Ill.App.3d 108, 3 Ill.Dec. 35, 358 N.E.2d 35 (1976). I believe that in order to effectuate fully some gubernatorial pardons, expunction of the criminal record may be required. For example, a pardon may occasionally be granted because an injustice has been done or to eradicate all evidence of the conviction in order to provide the person with a fresh start in life unencumbered by a criminal record. Indeed, in some cases a person may have completely served his sentence when the Governor pardons him. The pardon would be of very little value to anyone if it did not effectively blot out the record of his conviction. Therefore, I conclude that a Pennsylvania Court of Common

Pleas does have the authority to order expunction when a convict has been pardoned.[4]

Having concluded that a court may order expunction, I now consider under what circumstances that authority is properly exercised. In *Commonwealth v. Malone,* supra, in considering under what circumstances an arrest record could be expunged we stated: "We recognize the legitimate interest of society in retention of arrest records. However, recognition of that right in competition with the individual's rights is properly the beginning of the court's inquiry: 'What is . . . required is a more delicate balancing of law enforcement needs against the privacy and other interests of affected individuals, and a closer analysis of whether legitimate law enforcement needs may be served in a manner which does not unduly trench upon the individual's rights.' *Utz v. Cullinane,* 172 U.S.App.D.C. 67, 75, 520 F.2d 467, 475, n. 10 (1975)." *Malone,* supra, 244 Pa.Super. at 69, 366 A.2d at 588. We then held that in certain instances, for example dragnet arrests, retention of arrest records is clearly invalid. However, we stated that in other instances the court must balance the competing interests involved and resolve each case on its own facts. Moreover, given the substantial interest of an accused in his good name and in freedom from disability flowing from an arrest record, the Commonwealth must come forward with compelling evidence to justify the retention of such information.

In considering the expunction of the record of a pardoned individual, I believe that the lower court must consider the petition for expunction together with the reasons for the pardon as stated by the Board of Pardons. The court should balance the interests of the petitioner in restoring his good name against the interests of the Commonwealth in retain-

4. In *Commonwealth v. Sutley & Parker,* 474 Pa. 256, 378 A.2d 780 (1977), the Supreme Court implicitly stated that a pardon's intended effect is to relieve an offender from all legal disabilities resulting from his conviction and to provide for an expungement of his record (dictum).

ing the 'solemn record of conviction.' However, due to the narrow effect normally given to pardons in Pennsylvania and the substantial interest of the Commonwealth, the petitioner should bear the burden of proving that the intent of the Governor and the Board of Pardons was to blot out the record of his criminal conviction.

In the instant case, appellant alleged that the Board of Pardons recommended that he be pardoned in order to clear his name and to eliminate his criminal record. If appellant could prove this allegation, then the only method of fully effectuating the pardon would be to expunge the criminal record. The lower court failed to provide appellant an opportunity to adduce evidence of the reasons for the pardon. I would hold that the lower court erred in dismissing appellant's petition without consideration of the reasons for his pardon.[5] Accordingly, I would reverse and remand for further proceedings.

**5.** *Cohen v. Barger,* 11 Pa.Cmwlth. 617, 314 A.2d 353 (1974) is not inconsistent with this opinion. In *Cohen,* appellant pleaded guilty in November 1964, to assault and battery and indecent assault. The court placed him on three years probation. In 1967 he was discharged from probation and in 1972 the Governor granted him a full pardon. Appellant successfully petitioned the Court of Common Pleas of Philadelphia County to expunge his criminal record. The Pennsylvania State Police refused to comply with the order. Appellant invoked the original jurisdiction of the Commonwealth Court and sought equitable relief in the nature of an order directing expunction of the State Police records. The reason asserted by appellant for expunction was that he had encountered difficulties in obtaining employment. The Commonwealth Court, quoting from *Commonwealth ex rel. v. Smith,* supra, 324 Pa. at 76, 187 A. at 388, stated "The fact of conviction is a solemn record of the court which cannot be erased or blotted out." Accordingly, the Court held that appellant was not entitled to the expunction of his record. However, the *Cohen* court recognized that a petitioner who proved that a pardon was granted because of innocence might be entitled to expunction of his record.

In the instant case, appellant alleges that the Governor intended his pardon to have a greater effect than helping him obtain employment. As implied in *Cohen,* if the petitioner alleges that the pardon's intended effect was to restore his good name, the expunction may be granted.