506 A.2d 443

**COMMONWEALTH of Pennsylvania**

v.

**C.S., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed March 14, 1986.

Richard A. Sprague, Philadelphia, for appellant.

Kathleen A. McDonnell, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, McEWEN and HESTER, JJ.

HESTER, Judge:

Appellant appeals from the trial court's denial of his petition to expunge the record of his 1954 armed robbery conviction. We agree with the trial court that the relevent precedent of this Commonwealth requires the denial of appellant's petition.[1] Accordingly, we affirm.

On December 1, 1954, appellant pleaded guilty to armed robbery and was sentenced to one and one-half to five years imprisonment. In April, 1956, he was paroled after serving

1. Appellant also sought, and received, the expungement of the records of three other arrests from 1953 and 1954 which resulted in discharge without conviction. Obviously, no appeal lies from the grant of that relief.

his minimum and remained on parole throughout the balance of his five-year sentence. He has not been involved in criminal activity since that time.

Appellant has been employed by the Society for the Prevention of Cruelty to Animals (SPCA) since 1961, rising from a kennel keeper to the position of shelter supervisor. In that position he supervises fifty employees, retains the authority to hire and fire, maintains budgetary responsibilities, and participates in the formation of SPCA policy. In 1984, appellant received a gubernatorial pardon for reasons other than innocence.

Appellant argues that the trial court's reliance upon *Commonwealth v. Homison*, 253 Pa.Super. 486, 385 A.2d 443 (1978), was error because that case was decided incorrectly. In the alternative he claims that *Homison* is distinguishable and thus not controlling. Finally, he asserts that cases decided subsequent to *Homison* mandate expungement in this matter.

█ The law of this Commonwealth is clear. Rehabilitation and post-conviction accomplishments are not grounds for expungement of the record of a criminal conviction. *Commonwealth v. Magdon*, 310 Pa.Super. 84, 456 A.2d 194 (1983). Further, "[t]he grant of a pardon (for reasons other than innocence) by the Governor of our state does not entitle one who has been convicted of a crime to expunction of his criminal record." *Commonwealth v. Binder*, 267 Pa.Super. 558, 559–60, 407 A.2d 50, 51 (1979), *citing Commonwealth v. Homison, supra.*

█ We do not agree with appellant that *Homison* is no longer controlling. It is true that *Magdon* suggested that the recourse for an aggrieved convict, whose record curtails employment opportunities, is to apply for relief from the Board of Pardons. It does not necessarily follow, however, that a pardon is grounds for expungement. The *Magdon* court may have simply intimated that a pardon alone may quell the reservations of prospective employers despite the remaining criminal record.

Moreover, *Hunter v. Port Authority of Allegheny County*, 277 Pa.Super. 4, 419 A.2d 631 (1980), does not undermine *Homison's* authority. *Hunter* forbade a public employer to reject an applicant for employment on the basis of his criminal record, particularly where the offense was old and the applicant had been awarded the governor's pardon. *Hunter* did not suggest that the record should be expunged, only that it should be overlooked.

Order affirmed.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

If the quality of mercy may not be strained—then why must the process of expungement? The life led by appellant for the past thirty years has been so exemplary that the membership of the Board of Pardons recommended that appellant receive earthly forgiveness. The Governor of this great Commonwealth agreed and granted appellant a pardon. It is not for the bookkeeper to thwart the clemency decreed by the Governor of Pennsylvania.

Logic, as well, compels expungement. Were appellant a young man who had been arrested for robbery but acquitted, expungement of his arrest record would be routine. The pardon he has received might even be considered a more compelling factor than an acquittal for the obvious implication of a pardon is that the individual is worthy, a conclusion that does not necessarily follow upon an acquittal.

The distinguished members of the majority, in a fine expression of view, correctly opined that the prior decisions of this Court require rejection of the petition for expungement. Our eminent colleague, Judge J. Sydney Hoffman, however, provided in his dissent in *Commonwealth v. Homison*, 253 Pa.Super. 486, 385 A.2d 443 (1978), a careful and compelling discourse on why, in situations such as confront us here, the record of a petition should be expunged.

I can do no better than to rely upon the logic and echo the reasons there expressed as I dissent from the decision of the majority to affirm the rejection of the petition of appellant to expunge the record of his misdeed of thirty-two years past.