### Commonwealth v. Papa

*Annette M. Hutchison, assistant district attorney,* for the Commonwealth.
*Charles W. Garbett,* for defendant.

SALMON, *S.J.,* November 10, 1992—The defendant was arrested on September 21, 1991, about 2:15 a.m., by a patrolman of the city of New Castle Police Department

for violation of section 3731(a)(4) of the Motor Vehicle Code. Following a denial by this court for a motion to suppress the result of a test of defendant's blood, the defendant was admitted to the ARD program by our order dated April 29, 1992.

In October 1992, defendant presented his petition alleging he had complied with the conditions of his admission to the ARD program (except for about one-half of his period of probation) and moving the court for dismissal of the charges and expungement of the record. On October 16, 1992, we granted the motion to dismiss the charges and denied the motion to expunge the record. This memorandum is written to place of record our reasons for denying the motion to expunge.

Pa. Rule of Criminal Procedure 186 does authorize the court to expunge the record after successful completion of the ARD program subject to certain conditions. Those conditions include subparagraph (b) of the Rule and also the comment thereto which, of course, is part of the Rule. The comment says, in part:

"For processes and limitations with regard to expungement generally, see section 9122 of the Criminal History Record Information Act, 18 Pa.C.S. §9122 (1983). See also, Vehicle Code, §1534(b) and §3731(e)(2), added by Act of December 15, 1982, no. 289, P.L. 1268, §3 and §9, 75 Pa.C.S. §1543(b) and §3731(e)(2) (Supp. 1989)."

The comment also refers to section 1534(b) of the Motor Vehicle Code which is as follows:

"(b) *Exception*—If a person is arrested for any offense enumerated in section 3731 (relating to driving under influence of alcohol or controlled substance) and is offered and accepts accelerated rehabilitative disposition under general rules, the court shall promptly notify the department. The department shall maintain a record of the acceptance of accelerated rehabilitative disposition for a

period of seven years from the date of notification. This record shall not be expunged by order of court. (April 28, 1978, P.L. 202, no. 53, effective. 60 days; December 15, 1982, P.L. 1268, no. 289, effective 30 days.)"

The comment also refers to section 3731(e)(2) which is as follows:

"(2) Acceptance of accelerated rehabilitative disposition, an adjudication of delinquency or a consent decree under the Juvenile Act or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction."

Also involved is section 3731(e)(1)(ii) which provides:

"(ii) Not less than 30 days if the person has previously accepted accelerated rehabilitative disposition or any other form of preliminary disposition, been convicted of, adjudicated delinquent, or granted a consent decree under the Juvenile Act (42 Pa.C.S. §6301 et seq.) based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years."

It is thus clear that to grant the motion to expunge in this case would be to thwart the clear intent of the Legislature that the record be preserved against the possibility that the defendant may subsequently commit another offense against the drunk driving provisions of the Motor Vehicle Code. We cannot construe Rule 186 as being intended to contravene the statute enacted by the Legislature. Expungement would destroy the record for all purposes, including the purposes of the sections of the Motor Vehicle Code above cited.

It is interesting to note that expungement was originally a remedy devised to accomplish justice for a defendant

who had been convicted of a crime and later was legally determined to have been innocent of that crime. The issue arose in a number of cases where a convicted defendant had been pardoned by the governor and then sought expungement of the record. The prevailing view is that expungement may only be granted if the reason for the pardon was the legally established *innocence* of the defendant. See the lengthy dissenting opinion by J. Sidney Hoffman, *J.,* in *Commonwealth v. Homison,* 253 Pa. Super. 486, 488, 385 A.2d 443, 444 (1978) for a full discussion of the decided cases. The en banc opinion of the court by Van der Voort, *J.,* affirmed the trial court's denial of expungement for the reason that the record did not show that the pardon was granted on the ground of *innocence.* It should be noted that Judge Hoffman does not disagree with that principle, but dissented because he thought the case should go back for further hearing on that issue. While our case does not involve an executive pardon, the dissenting opinion is interesting for its full and scholarly discussion.

We respectfully suggest that the district attorney should object to expungement in all such cases.

For the foregoing reasons, expungement of the record was denied.