# CARLESI *v.* PEOPLE OF THE STATE OF NEW YORK

ERROR TO THE COURT OF GENERAL SESSIONS OF THE PEACE IN AND FOR THE COUNTY OF NEW YORK, STATE OF NEW YORK.

No. 679. Argued March 2, 1914.—Decided April 6, 1914.

In testing the repugnancy of a state statute to the Federal Constitution, this court must accept the construction given to the statute by the state courts.

A State may not directly or indirectly restrict the National Government in the exertion of its legitimate powers, nor can a State in any way punish a crime after the President of the United States has pardoned the offender.

Taking into consideration the fact that a person convicted of a crime against the State had previously committed the same crime against the United States is not a punishment of the former crime and does not deprive the person convicted of any Federal rights under a pardon of the President of the United States of the first offense.

*McDonald* v. *Massachusetts,* 180 U. S. 311, and *Graham* v. *West Virginia,* 224 U. S. 616, followed to the effect that the state statute involved in this case, and which imposed heavier penalties for second offenses, whether the first offense was committed in the same or in another jurisdiction, does not impose additional punishment for the first offense but only imposes a punishment on the crime for which the person convicted is tried.

The granting of a pardon by the President for a crime committed against the United States does not operate to restrict the power of a State to punish cr'mes thereafter committed against its authority and to prescribe such penalties as it deems appropriate in view of the nature of the offense and the character of the offender taking in view his past conduct; and so *held* that the second offense provisions of the Penal Code of New York are not unconstitutional as applied to a person convicted of the same crime of which he had been previously convicted by the United States and pardoned by the President.

*Quære,* whether a State may not provide that the fact of the commission of an offense after a pardon of a prior offense by it or another sov-

ereignty should be regarded as an increased element of aggravation to the second offense to be considered in adding to the punishment therefor.

Judgment based on 208 N. Y. 547, affirmed.

THE facts, which involve the construction and constitutionality of the second offense statute of New York and the effect of a pardon of the accused by the President of the United States for the first offense, are stated in the opinion.

*Mr. Almuth C. Vandiver,* with whom *Mr. George Gordon Battle, Mr. John Caldwell Myers, Mr. James E. Brande, Mr. Joseph Weber* and *Mr. J. Joseph Lilly* were on the brief, for plaintiff in error:

The New York state court passed judgment upon plaintiff in error, after verdict of conviction of an alleged crime non-existent in New York; and the failure of the state court to recognize and give full force and effect to the President's pardon, denied to plaintiff in error the privilege, immunity and liberty guaranteed to him by § 1 of the Fourteenth Amendment.

Plaintiff in error was convicted of the alleged crime of forgery in the second degree, as a second offense. There is no such crime known to the penal law of the State of New York. See §§ 887, 888, Penal Law of New York.

The pardon granted by the President of the United States reaches both the punishment prescribed for the offense and the guilt of the offender and releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. *Ex parte Garland,* 4 Wall. 380.

Plaintiff in error would also have been entitled to the court's clemency in suspending judgment if the court was so moved to do. Section 2189 of the Penal Law of New York is a substantial right, privilege and immunity from punishment for crime.

The first offense was so completely annihilated by the pardon that it could not be considered in law as having ever existed or been committed. De Villeneuve & Carrette, Vol. 1825, 1827, Part 1, p. 135; *Knote* v. *United States*, 95 U. S. 153; *United States* v. *Kirby*, 7 Wall. 482.

The President's pardon obliterated the first offense, so that the plaintiff in error could not thereafter be prosecuted as a second offender. *United States* v. *Wilson*, 7 Pet. 150, 159; *Ex parte Garland*, 4 Wall. 380, 381; 24 Am. & Eng. Ency., 2nd ed., p. 584. See also *United States* v. *Klein*, 13 Wall. 147; *Carlisle* v. *United States*, 16 Wall. 151; *In re Monroe*, 46 Fed. Rep. 52; *United States* v. *Armory*, 35 Georgia, 362; 2 Abb. (U. S.) 150; Fed. Cas. No. 14473; *People* v. *Pease*, 3 Johns. Cases (N. Y.), 333; *Locklin* v. *State*, 75 S. W. Rep. 305.

It is of the very essence of a pardon that it releases the offender from the consequences of his offense. *Osborn* v. *United States*, 91 U. S. 474, 477; 29 Cyc. 1566, 1567; *Territory* v. *Richardson*, 9 Oklahoma, 579; *Territory* v. *Richardson*, 10 Oklahoma, 17; *Knapp* v. *Thomas*, 39 Oh. St. 377, 381; *Diehl* v. *Rogers*, 169 Pa. St. 316; *Fite* v. *State*, 114 Tennessee, 646, 656; *Parground* v. *United States*, 13 Wall. 156; *United States* v. *Padleford*, 9 Wall. 513; *Boyd* v. *United States*, 142 U. S. 450; 1 Bishop's New Crim. Law, § 919.

For decisions of state courts in regard to the effect of pardons on second offenses, see *Edwards* v. *Commonwealth*, 78 Virginia, 39; *Puryear* v. *Commonwealth*, 83 Virginia, 51; *State* v. *Martin*, 59 Oh. St. 212; *State* v. *Anderson*, 7 Oh. N. P. 562; *S. C.*, 5 Ohio S. & C. P. Decisions, 548; *State* v. *Williams*, 7 Ohio, 562.

*Mount* v. *Commonwealth*, 2 Duvall (Ky.), 93; *Stewart* v. *Commonwealth*, 2 Ky. Law Rep. 386, and *Herndon* v. *Commonwealth*, 105 Kentucky, 197, are unsound, as is the reasoning upon which they are based; and see *Easterwood* v. *State*, 34 Tex. Crim. 400, 410; *Jones* v. *Alcorn County*,

56 Mississippi, 736; *Perkins* v. *Stevens*, 24 Pick. 277; *In re Deming*, 2 Johns. (N. Y.), 233, 483; 24 Amer. & Eng. Ency., 2d ed., 589; *Coddington* v. *Wilkins*, Hob. 81; *Leyman* v. *Lattimer*, 3 Exch. Div. 15, 352. See, however, *Baum* v. *Close*, 5 Hill (N. Y.), 196. As to the English rule, see 33 and 34 Victoria, c. 29, § 14, and under it *Hay* v. *Justice of London*, 24 Q. B. D. 561.

No matter what the purpose of the pardon was, and no matter what the reason was for issuing it, it restored the civil rights of plaintiff in error, was full, absolute and unconditional. *Boyd* v. *United States*, 142 U. S. 450; *Bowles* v. *Haberman*, 95 N. Y. 247.

The pardon should be liberally construed. *Ex parte Hunt*, 10 Arkansas, 284, 286; 24 Amer. & Eng. Ency. 574; 11 Ops. Atty. Gen. 230; *People* v. *Pease*, 3 Johns. (N. Y.) 333; *Osborn* v. *United States*, 91 U. S. 474.

The pardon obliterated the former conviction, though it was granted after the completion of the term of imprisonment. See Laughlin, J.'s, concurring opinion 154 App. Div. 487, 488; 24 Amer. & Eng. Ency., 2d ed., p. 594; *United States* v. *Jones*, 2 Wheeler Crim. (N. Y.), 451; 9 Op. Attorney General, 478; *Singleton* v. *State*, 38 Florida, 297; *State* v. *Baptiste*, 26 La. Ann. 134; *Satton* v. *McIlhany*, 1 Oh. Dec. 235; *Stetler's Case*, 2 Phila. (Pa.), 302; 9 Legal Int. 38; *Boyd* v. *United States*, 142 U. S. 450.

This court should follow the rule originally laid down in the *Wilson Case*, 7 Peters, 160, and followed in cases *supra*, and *Armstrong* v. *United States*, 13 Wall. 154; *United States* v. *Hart*, 118 U. S. 67; *Ill. Cent. R. R.* v. *Bosworth*, 133 U. S. 103; *United States* v. *Brown*, 161 U. S. 601; *Graham* v. *West Virginia*, 224 U. S. 616.

The New York legislature by expressly repealing the second offense statute specifically including recipients of pardons, intended to, and did, exempt such persons from the operation of the present law. Section 1941, Penal Law; § 688, old Penal Code; Laws 1881, c. 676, § 688;

Laws 1886, c. 593, § 1, par. 4; § 8, Pt. 4, c. I, title 7, Rev. Stat. New York; § 10, Pt. 4, c. I, title 7, Rev. Stat. New York; *Rich* v. *Keyser*, 54 Pa. St. 86.

The Federal question of the effect of the President's pardon was properly raised in the state court, and this court has jurisdiction to hear this appeal. Judicial Code, § 237; *Straus* v. *Amer. Publishers' Assn.*, 231 U. S. 222.

*Mr. Robert S. Johnstone*, with whom *Mr. Charles S. Whitman* and *Mr. Stanley L. Richter* were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The plaintiff in error was accused of the crime "of forgery in the second degree as a second offense." The indictment contained a recital of the prior offense relied on, that is, a conviction in the Circuit Court of the United States for the Southern District of New York, and a sentence for three and one-half years in the penitentiary for the crime of selling and having in possession counterfeit coin. The statute of the State of New York, which was the authority for referring to the prior conviction was as follows:

"A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or of petit larceny, or, under the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any crime, within this State, is punishable upon conviction of such second offense, as follows:

"1. If the subsequent crime is such that, upon a first conviction, the offender might be punished, in the discretion of the court, by imprisonment for life, he must be sentenced to imprisonment in a state prison for life;

"2. If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction." (Penal Law, § 1941.)

The accused pleaded not guilty and while admitting the truth of the recitals in the indictment as to his prior conviction, sentence and service of time in the penitentiary, moved to strike from the indictment all reference to those subjects and insisted on his right to be tried without at all considering or in any manner referring to the prior conviction and sentence on the ground of a pardon granted to him by the President of the United States after he had completed his term of service under the prior conviction. The pardon relied upon was offered in evidence. On the trial which followed the refusal of the court to grant the motion to strike out or to rule as requested, the alleged Federal right based upon the pardon was further urged upon the court in every conceivable form and was adversely acted upon, and after conviction was also pressed and adversely passed upon in both the Appellate Division (154 App. Div. 481) and in the Court of Appeals of New York (208 N. Y. 547). And it is the adverse ruling of the Court of Appeals concerning such asserted Federal right which forms the sole basis for this writ of error, addressed to the trial court because of the action of the Court of Appeals in remitting the entire record to that court.

The arguments at bar cover a wider field than is essential to be considered in order to pass upon the question for decision. As the state courts held that the statute directed the consideration of the prior conviction despite the pardon, we must treat the case as if the statute so expressly commanded and test its repugnancy to the Constitution

of the United States upon that assumption.   The issue is a narrow one and involves not the determination of the operation and effect of a pardon within the jurisdiction of the sovereignty granting it, but simply requires it to be decided how far a pardon granted as to an offense committed against the United States operates so to speak extra-territorially as a limitation upon the States excluding them from considering the conviction of a prior and pardoned offense against the United States in a prosecution for a subsequent state offense.   It may not be questioned that the States are without right directly or indirectly to restrict the National Government in the exertion of its legitimate powers.   It is therefore to be conceded that if the act of the State in taking into consideration a prior conviction of an offense committed by the same offender against the laws of the United States despite a pardon was in any just sense a punishment for such prior crime, that the act of the State would be void because destroying or circumscribing the effect of the pardon granted under the Constitution and laws of the United States.   And of course, conversely, it must be conceded that if it be that the act of the State in taking into consideration a prior offense committed against the United States after pardon under the circumstances stated was not in any degree a punishment for the prior crime but was simply an exercise by the State of a local power within its exclusive cognizance, there could be no violation of the Constitution of the United States.   The whole controversy therefore is to be resolved by fixing the nature and character of the action of the State under the circumstances for the purpose of deciding under which of these two categories it is to be classed.   When the issue is thus defined and limited its solution is free from difficulty as it has been repeatedly and conclusively foreclosed by the prior adjudications of this court.

In *McDonald* v. *Massachusetts*, 180 U. S. 311, the court

considered and adversely disposed of a contention that a statute of the State of Massachusetts was repugnant to the Constitution of the United States because it provided for a punishment as an habitual criminal of any person convicted of a felony in Massachusetts who was found to have been "twice convicted of crime, sentenced and committed to prison, in this or any other State, or once in this and once at least in any other State, . . ." In holding that the statute was not in conflict with the Constitution, the court said, pp. 312, 313:

"The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished in Massachusetts and New Hampshire.

"But it does no such thing. The statute under which it was rendered is aimed at habitual criminals; and simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years, in this, or in another State, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal. . . . It is within the discretion of the legislature of the State to treat former imprisonment in another State, as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. . . . The statute, imposing a punishment on none but future crimes, is not *ex post facto*. It affects alike all persons similarly situated, and therefore does not deprive any one of the equal protection of the laws. *Moore* v. *Missouri*, 159 U. S. 673; *Ross's Case*, 2 Pick. 165; *Commonwealth* v. *Graves*, 155 Massachusetts, 163; *Sturtevant* v. *Commonwealth*, 158 Massachusetts, 598; *Commonwealth* v. *Richardson*, 175 Massachusetts, 202.

"The statute does not impair the right of trial by jury,

or put the accused twice in jeopardy for the same offense, or impose a cruel or unusual punishment." The subject again came under consideration in *Graham* v. *West Virginia*, 224 U. S. 616, and was reëxamined in all its aspects and after a full reference to the English and American authorities, the doctrine announced in the *McDonald Case* was reëxpounded and re-applied so as to now leave no room for any further controversy whatsoever on the subject. Applying the principles thus settled, the case before us clearly comes within the second category which we have stated and therefore the contention as to the effect of the pardon here pressed is devoid of all merit and the court below was right in so holding.

Determining as we do only the case before us, that is, whether the granting of a pardon by the President for a crime committed against the United States operates to restrict and limit the power of the State of New York to punish crimes thereafter committed against its authority and in so doing to prescribe such penalties as may be deemed appropriate in view of the nature of the offense and the character of the offender taking in view his past conduct, we must not be understood as in the slightest degree intimating that a pardon would operate to limit the power of the United States in punishing crimes against its authority to provide for taking into consideration past offenses committed by the accused as a circumstance of aggravation even although for such past offenses there had been a pardon granted.

Indeed, we must not be understood as intimating that it would be beyond the legislative competency to provide that the fact of the commission of an offense after a pardon of a prior offense, should be considered as adding an increased element of aggravation to that which would otherwise result alone from the commission of the prior offense.

*Affirmed.*