THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERTEL MALSTROM, Relator, *v.* HARRY M. KAISER, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.

Supreme Court, Clinton County, October 26, 1929.

*Fienberg & Jerry* [by *Harold J. Jerry*], for the relator.

*Hamilton Ward, Attorney-General* [by *Almon W. Burrell, Assistant Attorney-General*], for the respondent.

*Joab H. Banton, District Attorney* [by *Michael J. Driscoll, Deputy Assistant*], filed a memorandum in opposition to the writ.

CRAPSER, J. This is a proceeding on the return of a writ of habeas corpus granted by Hon. JOHN K. COLLINS, county judge of Clinton county, on the application of the relator, Bertel Malstrom, and returnable at a Special Term of the Supreme Court held in the city of Plattsburg on October 7, 1929.

The relator was convicted on the 5th day of February, 1923, of the crime of attempting to commit the crime of grand larceny in the second degree and was sentenced to the Elmira Reformatory for two years and six months. He escaped from the Elmira Reformatory on December 30, 1923, and was returned to the institution January 1, 1924. He was pardoned by Governor Smith on March 20, 1925, and as a result of the pardon was discharged.

The relator exhibited to the court upon the return of the writ the pardon as granted to him by Governor Smith and the following is a copy of the pardon:

" THE PEOPLE OF THE STATE OF NEW YORK

" *To all to whom these presents shall come:*

" WHEREAS, At a Court held in and for our County of New York in the month of February 1923 Bartel Malstrom was convicted of Attempted Grand Larceny, 2d degree and was thereupon sentenced to be imprisoned in the Elmira Reformatory for an indefinite term (term expires March 20–25) under which conviction and sentence thereupon, the said convict now lies imprisoned; and he being represented unto us as a fit object of our mercy:

" *Therefore, know ye,* That we have pardoned, remised and released, and by these Presents DO PARDON, remise and release the said Convict, of and from the offense whereof, in our said Court, he stands convicted as aforesaid, and of and from all Sentences, Judgments and Executions thereon.

" *In testimony thereof,* We have caused these our Letters to be made Patent, and the Great Seal of our said State to be hereunto affixed. *Witness,* ALFRED E. SMITH, [L. S.] Governor of our said State, at our city of Albany, the 16th day of March in the year of our Lord one thousand nine hundred and 25.

" (Sd.) ALFRED E. SMITH.

" Passed the Secretary's office the 16th day of March, 1925.

" (Sd.) FLORENCE E. S. KNAPP,

" *Secretary of State.*"

In October, 1926, the relator was indicted in New York county for the crime of extortion and on October 22, 1926, pleaded guilty to the crime of attempted extortion and was sentenced by Judge FRANCIS S. MANCUSO to Sing Sing Prison for three years. He was not indicted as a second offender.

On September 20, 1927, the district attorney of New York county filed an information with the court charging the relator with the commission of the crime with which he had been pardoned by Governor Smith. And on October 14, 1927, the relator was returned to New York and resentenced by Judge MANCUSO as a second offender to Sing Sing Prison for a period of seven years and six months, to take effect as of October 22, 1926.

The relator is now serving a sentence of seven and one-half years in Dannemora Prison, his original sentence of three years having expired and he having been transferred from Sing Sing Prison to Dannemora Prison.

The question to be decided is does the pardon of Governor Smith, granted to the relator while he was serving a sentence in the Elmira Reformatory, remove the first conviction so that he could not be sentenced as a second offender under the provisions of section 1941 of the Penal Law (as amd. by Laws of 1926, chap. 457).

The punishment inflicted upon the relator was solely for the second offense to which a greater degree of criminality is attached by reason of the provisions of section 1941 of the Penal Law. The punishment is for the new crime only but it is heavier because of his previous conviction.

It was within the discretion of the Legislature of the State of New York to enact section 1941 of the Penal Law. The statute imposes an additional punishment for a second offender if he has previously been convicted.

The fundamental mistake of the relator is his assumption that his sentence imposes an additional punishment for the crime for which Governor Smith had pardoned him. Such is not the case.

No constitutional provision restrains the legislative power of New York from prescribing where a person has been convicted for a felony, whether subsequently pardoned or not, they shall upon subsequent conviction of a felony in the State of New York be more severely punished. (*People* v. *Carlesi*, 154 App. Div. 481; affd., 208 N. Y. 547; 233 U. S. 51; *People* v. *Price*, 53 Hun, 185; affd., 119 N. Y. 650.)

The writ of the relator should be dismissed and the relator remanded to serve out his sentence which is still in force under a determinate sentence as a second offender.

Submit order accordingly.