THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JOBISSY, Appellant, *v.* THOMAS H. MURPHY, as Warden of Clinton Prison, at Dannemora, N. Y., Respondent.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with a memorandum.

McNamee, J. (dissenting): The relator is about forty years of age, and an electrician by trade. He is confined in the State prison at Dannemora, under sentence, and has no attorney. He has sued out a writ of habeas corpus and is conducting this appeal in his own behlaf. As might be fairly expected the record is not artfully prepared. However, the substantial facts are not disputed. In March, 1929, he was convicted of robbery in the second degree and sentenced to State prison for the remainder of his life. The basis for this life sentence, of necessity, was at least three previous convictions for felony. In May, 1912, he was convicted of burglary in Pennsylvania; in April, 1919, he was convicted of criminally receiving stolen goods in Lockport; in May, 1919, he was convicted of robbery, second degree, in New York; and in October, 1919, he was convicted of assault in the second degree in Auburn.

For the offense in Pennsylvania, he was pardoned by the Governor of that State while serving his sentence in April, 1915; and upon the conviction for assault in 1919, sentence was suspended.

Although the suspension of sentence does not prevent an appeal from a judgment of conviction (Code Crim. Proc. § 517), and although one may be convicted as a *second* offender after sentence has been suspended upon a conviction of a previous offense (Code Crim. Proc. § 470-b), a previous conviction, when sentence has been suspended, cannot constitute any part of the basis of a sentence to life imprisonment as a fourth offender. (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.) In the case of a suspended sentence both the direct and indirect consequences of the conviction are temporarily or indefinitely postponed (*Marcley Case, suprd*), while in the case of a pardon those consequences are definitely and permanently removed. I am unable to accept the principle that a result which is temporary, indefinite and incomplete has greater virtue to protect the accused than that which is permanent, definite and complete. By analogy, the part is never greater than the whole. And to say that a suspended sentence may be imposed at a later time is rather an empty formula; because those who have had substantial experience in criminal matters know that imposition of such a sentence very rarely follows a suspension, and then only on account of an added offense.

The two cases cited by the majority, in my judgment, have no application here, in view of the *Marcley* case; because they had to do with *second* offenders only, and in no way involved *fourth* offenders. It was precisely that distinction which was pointed out so clearly in the *Marcley* case. A pardon should be effective to prevent one becoming a fourth offender in any circumstances where a suspended sentence will have that effect.

The order should be reversed, and the prisoner remanded for proper sentence.