Jack Dempsey SCOTT, Petitioner,

v.

R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13221.

Court of Criminal Appeals of Oklahoma.

July 11, 1962.

Jack Dempsey Scott, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original application for writ of habeas corpus brought by Jack Dempsey Scott. In his petition Scott asserts that he is restrained of his liberty unlawfully under a judgment and sentence for robbery with firearms rendered against him on November 23, 1955, in Pottawatomie County, Oklahoma.

He presents one contention that if true would compel relief. Otherwise his petition raises questions for appeal. The proposition worthy of treatment is that he could not be prosecuted and sentenced in the case at bar as a second and subsequent offender, as provided in 21 O.S.1951 § 51 providing for enhanced punishment, for the reason that, though he was formerly and on October 4, 1939 convicted in Stephens County, Oklahoma, of the crime of robbery with firearms and sentenced to 15 years in prison, which sentence became final after the affirmation on appeal, that he received a full and complete pardon thereon from the Governor of Oklahoma.

He contends that said pardon made him "a new man" in the eyes of the law and prevents his prosecution as a second and subsequent offender on said Stephens County conviction.

Petitioner cites two cases in support of his position. Tucker v. State, 14 Okl.Cr. 54, 167 P. 637, and State ex rel. Cloud v. Election Board of Oklahoma, 169 Okl. 363, 36 P.2d 20, 94 A.L.R. 1007.

In the first case the statement of what purported to be the law was pure dicta, as was the question in a later case, Newton v. State, 56 Okl.Cr. 391, 40 P.2d 688, but wherein this court, commenting on the rule as stated in the Tucker case, supra, said:

"Counsel further earnestly argue the failure of the court to strike out the allegation in the information with reference to the former conviction and permitting it to be read to the jury, as a part of the information was prejudicial error, that an unconditional pardon obliterated the offense which thereafter could not be imputed to him, citing Ex parte Crump, 10 Okl.Cr. 133, 135 P. 428, 47 L.R.A.(N.S.) 1036; Stephens v. State, 111 Okl. 262, 239 P. 450; U. S. v. Klein, 13 Wall. 128–147, 20 L.Ed. 519; U. S. v. Padelford, 9 Wall. 531, 19 L.Ed. 788; Osborn v. U. S., 91 U.S. 474, 23 L.Ed. 388; Ex parte Garland, 4 Wall. 333, 18 L.Ed. 366; Johnson v. State, 44 Okl.Cr. 113, 279 P. 933.

"There is division of the authorities on this question. See annotations 58 A.L.R. 50; 20 R.C.L. § 41; Scrivnor v. State, 113 Tex.Cr.R. 194, 20 S.W. (2d) 416; Carlesi v. New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843. The better rule is that on a charge of a second and subsequent offense the fact of a prior conviction, within the meaning of the statute, is not wiped out by a pardon; that the pardon by the executive power does not blot out the solemn act of the judicial branch of the government."

We are of the opinion that the Cloud case is not in point since it involved no

such act of the legislature as we have under consideration herein. The matter therein involved was purely a civil matter, and the holding was that after pardon of a conviction the same would not constitute a bar to election to the legislature. Here we are concerned with legislative power to enhance punishment, and deter crime.

The leading case thereon is People v. Biggs, 9 Cal.2d 508, 71 P.2d 214, 116 A.L.R. 205, wherein that court, in an adequate treatment said:

"Appellant relies largely upon a number of declarations by various authorities as to the general effect of a pardon. The following are examples: 'The power to pardon is something more than the power to release from servitude. "Pardon" is the remission of guilt, amnesty, oblivion, or forgetfulness.'

\*  \*  \*  \*  \*  \*

"But the somewhat extravagant language occasionally employed must be contrasted with the actual decisions of the courts. It is universally established that a pardon exempts the individual from the punishment which the law inflicts for the crime which he has committed; and generally speaking, it also removes any disqualifications or disabilities which would ordinarily have followed from the conviction. To say, however, that the offender is 'a new man,' and 'as innocent as if he had never committed the offense,' is to ignore the difference between the crime and the criminal. A person adjudged guilty of an offense is a convicted criminal, though pardoned; he may be deserving of punishment, though left unpunished; and the law may regard him as more dangerous to society than one never found guilty of crime, though it place no restraints upon him following his conviction. The criminal character or habits of the individual, the chief postulate of habitual criminal statutes, is often as clearly disclosed by a pardoned conviction as by one never con-

doned. The broad generalizations quoted above are, if taken too literally, logically unsound as well as historically questionable. See Williston, Does a Pardon Blot Out Guilt? 28 Harv.L. Rev. 647; People v. Carlesi, 154 App. Div. 481, 139 N.Y.S. 309; 13 Columb. L.Rev. 418; In re Lavine, 2 Cal.(2d) 324, 41 P.(2d) 161 [,42 P.2d 311]; 4 Cal.L.Rev. 236.

"The statutes imposing increased punishment for prior offenders are not new, and they have been before the courts on many occasions. The distinction pointed out above, between the offense and the offender, has been repeatedly emphasized. One of the apt illustrations is found in the contention that these statutes are unconstitutional, as ex post facto laws or for some other reason. The uniform answer has been that it is the second or subsequent offense which is punished, not the first; and that in determining the nature of the penalty to be inflicted, the Legislature is justified in taking into consideration the previous criminal conduct of the defendant. See In re Rosencrantz, 205 Cal. 534, 271 P. 902; McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; notes, 58 A.L.R. 20; 11 Minn.L.Rev. 561.

"With respect to the precise question before us, namely, the effect of a prior conviction which has been pardoned, the courts are in conflict; but perhaps the weight of authority, and certainly of critical opinion, is to the effect that the pardon is immaterial, and that the defendant may be adjudged a prior offender and given the increased punishment as such. See People v. Carlesi, 154 App.Div. 481, 139 N.Y.S. 309, affirmed 208 N.Y. 547, 101 N.E. 1114; Id., 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843; People v. Murphy, 244 App.Div. 834, 279 N.Y.S. 762; Mount v. Commonwealth, 2 Duv. [63 Ky.] 93; Herndon v. Commonwealth, 105 Ky. 197, 48 S.W. 989, 88 Am.St.Rep. 303; State v.

Edelstein, 146 Wash. 221, 262 P. 622; 16 C.J. 1342, § 3157; notes 58 A.L.R. 20, 49; 13 Columb.L.Rev. 418; 14 Minn.L.Rev. 293; 78 U.P.L.Rev. 561; 28 Harv.L.Rev. 647, 655; 41 Harv.L. Rev. 918; 5 Fordham L.Rev. 166; 3 So.Cal.L.Rev. 438; 22 Journ.Crim.Law 122. As the court states, in People v. Carlesi, supra, 154 App.Div. 481, 139 N. Y.S. 309, 312: 'The pardon of this defendant did not "make a new man" of him. It did not "blot out" the fact or the record of his conviction. * * * The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that. But it did not obliterate the record of his conviction or blot out the fact that he had been convicted. * * * It relieved the defendant of the consequences which the law attached to his offense. But the defendant is to be punished now solely in consequence of his second offense. The fact of the former conviction is an element merely in determining the criminality of the second offense. * * * The Legislature of this state has said that one who commits a crime after having been convicted of another crime is a greater offender than as though he had not previously been convicted, and the punishment inflicted is solely for the second offense to which a greater degree of criminality is thus attached. That degree of criminality is not at all lessened by the fact of a pardon which assumes his guilt, remits the punishment, and affords him an opportunity to become a law-abiding citizen. It was solely within the province of the Legislature to attach such greater criminality to the second offense from the mere fact of a conviction for the first, and the executive by the exercise of the pardoning power could no more interfere with that exercise of legislative power than the Legislature could interfere with the power to pardon.' And in Mount v. Commonwealth, supra, the court said: 'The pardon relieved the convict of the entire penalty incurred by the offense pardoned, and nothing else or more. * * * The augmented punishment is for the last, and not at all for the first offense; and, of course, a pardon of the first could, in no way or degree, operate as a pardon of the last offense or remission of any portion of the punishment denounced for the perpetration of it.' It may also be observed, in the words of one commentator, that 'this view would in the majority of cases effectuate the intention of the executive in forgiving the first offense, for though at the time of granting the pardon he evidently considered the offender worthy of restoration to his civil rights, he would undoubtedly have been of a different opinion had he suspected that the applicant for clemency possessed habitually criminal tendencies.' Note 13 Columb.L. Rev. 418, 421."

We are in accord with the majority view as therein expressed. See also 24B C.J.S. Criminal Law § 1960(8) n. 31:

"While there are decisions to the contrary, and there has been said to be a clear conflict of authority on the point, according to the weight of authority the fact that accused was pardoned for his prior offense does not exempt him from the increased punishment on a subsequent conviction."

The rule sought to have been projected by dicta in Tucker v. State, supra, is expressly overruled.

The petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.