Ronald David WATKINS,
Petitioner-Appellant,

v.

Carl THOMAS, Sheriff of Dallas County,
Texas and Mark White, Attorney General of the State of Texas, Respondents-Appellees.

No. 79–2758.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1980.

Melvyn Carson Bruder, Dallas, Tex., for petitioner-appellant.

John H. Hagler, Asst. Dist. Atty., Dallas, Tex., for Carl Thomas.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

Petitioner, Ronald Watkins, appeals the denial of his petition for writ of habeas corpus in the district court below. Watkins was convicted in a Texas state court of felony theft. Evidence of two prior convictions, for which Watkins had received a Presidential pardon, was introduced for impeachment purposes at the guilt stage of Watkins' state trial and was introduced at the sentencing stage of that trial as evidence of a prior criminal record. The federal convictions were also used to deny him probation. Watkins contends that these uses of the pardoned federal convictions were constitutionally invalid.

Watkins' pardons were not the consequence of subsequent proof of innocence. Rather, Watkins was pardoned because he performed undercover activities in the service of the Federal Bureau of Narcotics and Dangerous Drugs.

Watkins contends that the use of the pardoned federal convictions was improper for impeachment purposes, as evidence of a prior criminal record at the sentencing phase, and to deny him probation. With regard to the use of the pardoned convictions for impeachment purposes, this Court said in *Gurleski v. United States*, 405 F.2d 253 (5th Cir. 1968):

> A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions particularly as they may bear on his present character and veracity. Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not itself indicate any defect in previous convictions. Neither does it negate any bearing that they may have on present credibility.

405 F.2d at 266. Although *Gurelski* concerned a pardon granted by the State of Texas, rather than a pardon granted by the President of the United States, we do not consider the distinction relevant to the case at hand. The district court found as a fact that the Presidential pardon was not based on subsequent proof of innocence.

■ With regard to Watkins' claim that the pardoned federal convictions could not be used to deny him probation in a Texas criminal proceeding, this Court held to the contrary in *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971).

■ With regard to the claim that the pardoned federal convictions could not be introduced at the punishment phase of Watkins' trial, *Carlesi v. New York*, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914), held to the contrary. There the Supreme Court upheld New York's use of a pardoned federal offense for enhancement purposes in sentencing Carlesi as an habitual offender after conviction in a New York court for a subsequent felony. Watkins argues that *Carlesi* must be construed narrowly as applying only to the use of a pardoned conviction for enhancement purposes under an habitual offenders statute. We do not read *Carlesi*

so narrowly. The issue the Court decided in *Carlesi* was that a Presidential pardon for a crime committed against the United States does not operate "to restrict and limit the power of [a State] to punish crimes thereafter committed against its authority, and in so doing to prescribe such penalties as may be deemed appropriate in view of the nature of the offense and the character of the offender . . . ." 223 U.S. at 59, 34 S.Ct. at 578.

Accordingly, the denial of the writ is AFFIRMED.