UNITED STATES of America, Plaintiff,

v.

**Allen Lamar McMURREY,
III, et al., Defendant.**

Crim. No. H–92–254.

United States District Court,
S.D. Texas.

Aug. 5, 1993.

Daniel Rodriguez, Asst. U.S. Atty., Houston, TX, for plaintiff.

David P. Cunningham, Houston, TX, for McMurrey.

David Gerger, Federal Public Defender, Houston, TX, for Hamilton.

William W. Burge, Houston, TX, for York.

## OPINION ON PARDONS

HUGHES, District Judge.

### 1. *Introduction.*

■ During trial, the defendants sought to impeach a government witness by introducing evidence that he had been convicted of two felony charges in Oklahoma in 1973. The government argued that the conviction was not admissible because it was too remote and because the governor pardoned him in 1975. The defendants assert that prior convictions are admissible unless the governor pardoned him on proof of actual innocence. The court did not allow the defendants to impeach the witness with his Oklahoma conviction because:

    A.  The conviction happened twenty years ago, making it too remote under the rules of evidence; and

    B.  The Oklahoma pardon is fully effective in federal court.

### 2. *The Federal Evidentiary Rule.*

The federal rules of evidence attempt to go behind the face of a pardon and collaterally attack an executive action. Fed.R.Evid. 609(c). Generally, one may attack the credibility of a witness by introducing evidence of a prior conviction, but a conviction cannot be introduced if the witness was pardoned based on a finding of rehabilitation or actual innocence. Fed.R.Evid. 609(c). The advisory committee's note further saps the power from state executives to nullify a conviction by proclaiming baldly that if a conviction is pardoned only for the restoration of civil rights, the pardon is not relevant to character and may be admitted to attack credibility. Fed.R.Evid. 609 advisory committee's note.

### 3. *Judges and Executives.*

The defendants have essentially asked the court to allow the convictions to be used to

impeach Calvin Stout, disregarding the Oklahoma pardon because Stout was not pardoned on proof of actual innocence. *See Watkins v. Thomas*, 623 F.2d 387 (5th Cir. 1980), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 791, 66 L.Ed.2d 608 (1980); *Gurleski v. United States*, 405 F.2d 253 (5th Cir.1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 (1969); *Watkins v. State*, 572 S.W.2d 339 (Tex.Crim.App.1978). These cases state that a pardon for a reason other than proof of actual innocence does not obliterate a defendant's conviction. Even though a state may undo a conviction, the fact that it temporarily convicted someone is enough to cast a shadow of guilt and dishonesty on the person forever. Essentially, this line of cases says that although someone is pardoned, he remains guilty:

> A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's transgressions particularly as they may bear on his present character and veracity. Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not itself indicate any defect in previous convictions. Neither does it negate any bearing that they may have on present credibility. *Gurleski*, 405 F.2d at 266.

### 4. *Federalism.*

■ Collateral attack on a pardon by a court is unacceptable. It violates federalism for a federal court to eviscerate the effect of a state executive pardon. States are bound by the full faith and credit clause of the United States Constitution. While the full faith and credit clause does not bind the national government, due process does. Due process requires that federal courts give equal credit to state pardons as to state convictions. *See,* Robert H. Jackson, Full Faith and Credit (1945).

### 5. *A Pardon Is a Pardon.*

■ The federal evidentiary rule and supporting case law are logically deficient. Society prosecutes criminals to deny them their civil rights; therefore, by its nature, a pardon restores those rights. Because a pardon declares a person not guilty of a crime, it necessarily restores civil rights. An attack on character cannot be based on a conviction for a crime of which the prosecuting authority has formally declared one *not* guilty.

This rule allows federal courts to give effect to one state action while ignoring a second state action that voids the first one. By this reasoning, federal courts could allow a witness to be impeached if the state overturned his conviction on a "technicality" instead of on the merits. That a conviction is overturned is all that is important. Another court at another time cannot consider why a conviction was reversed and what effect that has on present credibility.

The reverse of this reasoning is equally disturbing. If federal courts have the power to weaken pardons, then it could have the power to strengthen accusations. For example, a federal court could concoct a "conviction" by deciding that *if* a person had been indicted and tried by the state, he would have been convicted.

A pardon is an executive and legislative tool by which a person is released from his convicted status, including the effects he endures after a conviction. Just as the legislature is able to decide what actions constitute a crime and what consequences flow from a conviction, it may give the executive branch power to undo the conviction. Although the legislature may not convict, it can adopt general statutory amnesty. The state can indict, try, and punish an individual, and it must also have the power to nullify its acts fully.

■ Governor David L. Boren granted Calvin Stout a "full and free pardon" that was to restore to Stout "all rights of citizenship." This does not mean that Stout only maintains his right to vote. Rather, the pardon erases completely the conviction from his past. Pardons grant a person the luxury of travelling back in time to a point before the arrest. For the pardoned crime, the slate is wiped clean:

> A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out the existence of guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. If

granted before the conviction, it prevents any of the penalties and disabilities, consequent upon conviction, from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity. *Ex parte Garland*, 71 U.S. 333, 380–381[, 18 L.Ed. 366] (1867).

Because it is the state that can convict, the state can un-convict; it matters not whether by judicial reversal, executive pardon, or legislative amnesty. Either a pardon excuses a person or it does not. Forgiveness is not partial.

### 6. *Conclusion.*

The Presidents who appointed Edward D. White, Lucius Q.C. Lamar, and Howell E. Jackson to the United States Supreme Court accepted their pardons. Those men committed armed treason as Confederate officers, yet their pardons sufficiently cleansed their character so that they could make the law of the land. In the 19th century pardons erased convictions and the deleterious effect they may have on character. The principle endures in the late 20th century.