# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40385

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERARDO MUNOZ-GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Gerardo Munoz-Gonzalez appeals the district court's imposition of a 35-month sentence after pleading guilty to illegal presence following removal. We affirm.

## I. FACTS & PROCEDURAL HISTORY

Federal agents detained Munoz-Gonzalez near Hidalgo, Texas in March 2014. In April 2014, he was charged with being unlawfully found in the United States after being previously deported in violation of 8 U.S.C. § 1326(a)&(b). He pled guilty without a plea agreement to one count of illegal presence in the United States following removal. In the initial presentence report (PSR) issued on October 8, 2014, the probation officer recommended a four-level enhancement under USSG. § 2L1.2(b)(1)(D) because Munoz was convicted of

No. 15-40385

two felony drug offenses in 2008 prior to his removal.[1]  Upon further review, the probation officer issued an addendum to the PSR noting that Munoz-Gonzalez had been convicted of arson in 1994 for starting a fire in his home that killed his wife.  The revised PSR stated that the arson conviction, though pardoned in December 2004, justified a 12-level crime of violence enhancement under § 2L1.2(b)(1)(A)(ii).  The 12-level enhancement resulted in a sentencing range of 30-37 months' imprisonment.  The probation officer recommended 33 months' imprisonment.

Munoz-Gonzalez objected that the 12-level enhancement was improper because the arson conviction was pardoned.  He argued that certain offenses pardoned for reasons of innocence or legal error, along with convictions that are expunged or invalidated on constitutional grounds, are not counted for criminal history purposes.  He asserted that the enhancement in his case was improper because the Government failed to show that he was not pardoned for reasons involving innocence or constitutional error.  As a result, Munoz-Gonzalez's February 2015 sentencing hearing was postponed to afford the probation officer an opportunity to locate the pardon documents pertaining to the arson conviction.

The probation officer later produced the pardon documents which described how the arson conviction had caused Munoz-Gonzalez to be denied entry into the United States after visiting Mexico.  The documents noted that Munoz-Gonzalez's daughter intended to petition for him to reenter the United States legally when she turned eighteen and that he had accepted responsibility for the arson, had no other criminal history (at that time), and had proved himself to be a productive member of society following his release

---

[1] According to the record, Munoz-Gonzalez was first removed from the United States in 2004.  He returned to the United States in 2006 where he stayed until he was removed a second time in 2012, following his 2008 felony drug convictions.

from prison. The documents explained that a full and unconditional pardon was granted on December 16, 2004, "for the express purpose of allowing [Munoz-Gonzalez] the possibility of reentry into the United States."

The sentencing hearing was subsequently rescheduled to March 2015 and the district court found that the pardon documents clarified that the pardon was not granted for reasons of innocence or other constitutional or legal error. The district court noted that the pardon was clearly granted "for the purpose[] of helping [Munoz-Gonzalez] at some future date gain legal status in the United States." The district court also noted that only a few years after the pardon was granted, Munoz-Gonzalez was convicted of felony drug trafficking. The district court reasoned that the enhancement was further supported by the fact that the arson conviction had not yet been pardoned at the time of Munoz-Gonzalez's removal in 2004.

The district court went on to explain that it was disturbed by the arson but was "particularly concerned" that Munoz-Gonzalez committed two drug offenses after returning illegally to the United States following his removal in 2004. In light of the drug offenses and the arson, the district court stated that it intended to impose a sentence that would protect the public, deter further criminal conduct, and promote respect for the law. The district court applied the 12-level crime of violence enhancement, stating that "even if the Court is in error as to the enhancement there, the Court believes that under all the circumstances here, and the Court in imposing the sentence that it will impose, has considered the 3553(a) factors." *See* 18 U.S.C. § 3553(a). The district court then awarded a 3-level deduction for acceptance of responsibility which

No. 15-40385

resulted in a Guidelines range of 30 to 37 months. The district court imposed a sentence of 35 months.[2] Munoz-Gonzalez appeals herein.

## II. STANDARD OF REVIEW

We review the sentence imposed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* The district court's interpretation and application of the Guidelines are reviewed de novo, while its factual findings are reviewed for clear error. *United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011) (citation omitted) (internal quotation marks omitted). This court thus "considers de novo whether a defendant's prior conviction qualifies as a 'crime of violence' within the meaning of the Guidelines." *Id.* (citation omitted). If the court finds a significant procedural error, it must remand for resentencing unless the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

## III. DISCUSSION

Munoz-Gonzalez's primary argument on appeal is that the district court erred by imposing the 12-level crime of violence enhancement for his pardoned arson conviction. He notes that § 2L1.2 instructs the court to impose the 12-level enhancement if he "previously was deported . . . after a conviction for a felony that is . . . a crime of violence." He submits that "conviction" is not defined and that neither § 2L1.2 nor its commentary discuss whether a pardoned offense is to be considered a "conviction" for purposes of the enhancement. He concludes that the ambiguity concerning the term "conviction" in § 2L1.2 should be construed in his favor. We disagree.

---

[2] The district court granted Munoz-Gonzalez's request to run the sentence concurrently with any sentence imposed upon revocation of his parole in the state drug cases.

No. 15-40385

The Supreme Court has long recognized that pardoned offenses may be used for sentencing enhancement purposes. *Carlesi v. New York*, 233 U.S. 51, 59 (1914). The Court in *Carlesi* held that a presidential pardon of a federal crime does not restrict or limit "the power of [a state] to punish crimes thereafter committed against its authority, and in so doing to prescribe such penalties as may be deemed appropriate in view of the nature of the offense and the character of the offender, taking in view his past conduct[.]" *Id.* at 59. Furthermore, this court has recognized that:

> A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions particularly as they may bear on his present character and veracity. Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not itself indicate any defect in previous convictions. Neither does it negate any bearing that they may have on present credibility.

*See Watkins v. Thomas*, 623 F.2d 387, 388 (5th Cir. 1980) (quoting *Gurleski v. United States*, 405 F.2d 253, 266 (5th Cir. 1968)).

As noted by the district court, the pardon documents do not call into question Munoz-Gonzalez's guilt or expunge his conviction. Rather, the pardon was granted for the sole purpose of assisting Munoz-Gonzalez in gaining legal status in the United States at some later date. Further, as noted by the district court, Munoz-Gonzalez was convicted of felony drug trafficking just a few years after the pardon was granted. Additionally, as the pardon had not yet been granted at the time of removal, Munoz-Gonazalez's argument regarding whether pardoned offenses qualify under the definition of "conviction" as applied in § 2L1.2 also fails. The district court emphasized that, in light of the drug offenses and the arson, its intentions were to impose a sentence that would protect the public, deter further criminal conduct, and promote respect for the law. The district court acknowledged that, even if it had erred in

5

No. 15-40385

applying the enhancement—and we do not hold that it did—it would have nevertheless imposed the same sentence in light of its consideration of the 3553(a) factors.  *See* 18 U.S.C. § 3553(a).

In light of this court's precedent, as informed by *Carlesi*, holding that a pardon granted for reasons other than proof of innocence does not vitiate the defendant's prior crimes or convictions, *Watkins*, 623 F.2d at 388, we hold that the district court did not err in applying the 12-level crime of violence sentencing enhancement under USSG § 2L1.2(b)(1)(A)(ii), for the 1994 pardoned arson conviction.  *See Hernandez-Galvan*, 632 F.3d at 196.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the sentence imposed by the district court in all respects.